MARTIN J. RYAN et al.

v.

OMAR H. ALLEN.

*Filed at Ottawa May 12, 1887.*

1. · WILLS—*the words "heirs," and "nearest heirs," construed.* Where the word "heir" or "heirs" is used in a will, and there is nothing in the context explaining or controlling its use, or showing a different intention on the part of the testator, it must be interpreted according to its strict and technical import; and hence it includes and designates the persons upon whom the law would cast the inheritance in case of intestacy, whether they are few or many.

2. The word "nearest," like "next" or "first," prefixed to the term "heir" or "heirs," without the use of other words of limitation on the devise to the heir, will not vary the effect of the devise. Therefore, a devise to the nearest heirs of a person is the same as a devise to his heirs generally.

3. SAME—*rule in Shelley's case—given, and applied.* Where an ancestor, by any gift or conveyance, takes an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs, in fee or in tail, the words, "the heirs," are words of limitation of the estate, and not words of purchase, and the remainder is immediately executed in possession, in the ancestor so taking the freehold, and he takes the title in fee.

4. The conditions which must concur in order to the operation of the rule in case of a devise, are: First, a freehold must be devised; second, the estate of freehold must be taken by the same instrument which contains the limitation to the heirs, and for this purpose a will and codicil will be deemed one instrument; and third, the interest devised to the ancestor, and limited to the heirs, must be of the same quality.

5. In this case, the owner of the land devised it as follows: "I give and bequeath to my step-son, A, the use or rents accruing from my house, and one acre of land that the house stands upon, after his father's decease, provided his father does not sell said property, which privilege I grant him, provided it is necessary for his maintenance.· After the said A's decease, the said house and land is to go to his nearest heirs:" *Held,* that on the failure of the father to sell and dispose of the property in his life, A took the same in fee.

6. SAME—*when the legal interest passes, on a devise of the use.* A devise of the income for the use of the devisee, or of the rents and profits of land, is equivalent to a devise of the land itself, and will carry the legal as well as the beneficial interest therein.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Omar H. Allen, the defendant in error, entered into a written contract of sale with Martin J. Ryan and Michael J. Ryan, the plaintiffs in error, whereby Allen agreed to convey to the Ryans, in fee simple, clear of all incumbrances, that part of lot 4, of O. H. Allen's subdivision of block 5, assessor's subdivision of unsubdivided lands in the north-east quarter and the east half of the north-west quarter of section 6, township 39, north of range 13, east of the third principal meridian, lying north of a line running parallel with, and distant ninety-nine feet southerly from, the south line of North avenue, in Cook county, and in consideration, the Ryans agreed to pay Allen $450, as soon as Allen should convey to them "a good, clear and merchantable title" to the premises, and that the Ryans should take immediate possession, and pay the taxes. The Ryans went into possession under the contract, and have since occupied the same. Allen submitted to them an abstract of title, tendered or offered to make a deed, and demanded the purchase money. The Ryans refused to accept the deed and pay the money, because, as they contended, Allen had only a life estate in the premises, and therefore could not convey a good, clear and merchantable title in fee simple. Thereupon, Allen exhibited his bill in the Superior Court of Cook county, against the Ryans, for specific performance of the contract.

It appears from the bill and its exhibits, that the premises in question were owned by Elizabeth H. S. Allen, step-mother of the complainant, now defendant in error; that Elizabeth died testate, leaving surviving, Nathan Allen, her husband, and Kate A. E. Johnson, a daughter by adoption, her only heirs-at-law; that the will and codicil of Elizabeth were duly probated in Cook county; that by the original will, the entire estate was devised to her husband, Nathan, for life, with full

power of disposition, with remainder to her step-son, Omar, and her adopted daughter, Kate,—Omar to take the Du Page county property, and Kate the residue, except a certain five acres, which was to "go to my son Omar, as the Du Page property does;" but that, by the codicil, testatrix gave to her step-son, Omar, "the use or rents accruing from my house, and one acre of land that the said house stands upon, after his father's decease, provided his father does not sell said property, which privilege I grant him, provided it is necessary for his maintenance. After the said Omar H. Allen's decease, the said house and land is to go to his nearest heirs,"— fully describing the parcel of land; that the lands described in the contract of sale are a part of the premises described in and devised to Omar in and by the codicil; that long after the death of the testatrix, Kate A. E. Johnson conveyed all her interest in the premises to Omar; that afterwards, Nathan Allen, and his then wife, Martha, by their warranty deed, conveyed the same house and acre of land to Omar, reserving therein to the wife, Martha, a right of occupancy during her life, and this deed was placed in escrow, to be delivered on the death of Nathan; that afterwards, and upon Nathan's death, the deed in escrow was delivered to Omar; that afterwards, the widow, Martha, by her deed, conveyed her interest in the premises to Omar. And the bill averred, that by virtue of the codicil and the subsequent conveyances, Omar became seized in fee of the premises described in the contract of sale, and prayed specific performance. The defendants, the Ryans, interposed a demurrer to the bill, which was overruled, and a decree of specific performance rendered by the Superior Court.

The assignment of error questions the decree of the court in finding and decreeing that Allen had an estate in fee simple in the lands described in the contract.

Messrs. ABBOTT, OLIVER & SHOWALTER, for the plaintiffs in error:

The decree is ineffectual to help the title. It can not be known, till the death of Omar Allen, who will be his heirs. He may survive all his children. "The remainder to said persons," whoever they may turn out to be, is a contingent remainder. As touching the same, no right, estate or interest yet exists in any person. Any decree rendered can not be pleaded by such heirs, for the reason that when made they have no interest to be affected by it.

If an estate be given to A for life, with remainder to the heirs of B, A takes a life estate only, and neither B nor his "heirs," in the strict sense of that word, take anything. But certain persons, namely, those who, under the law, will be ascertained as taking B's landed property immediately at his death, take the remainder as purchasers, in case A survives B, for since no estate is given to B, the word "heirs" can not describe any estate in him.

If a testator gives to A an estate for life, with remainder to A's heirs, but using other words of qualification, showing that by the term "heirs," he meant those persons whom the law will identify, at the death of A; as the first takers from him in the line of heirship,—those persons who will take immediately on the death of A, and who, as distinguished from their successors, will stand "nearest" to A in time,—then A will take only a life estate, and said persons, as purchasers, will take a remainder in fee, or for life, according to the intent.

Again, if a testator gives to A an estate for life, with remainder to his "nearest heirs," the court, apart from our statute, and on common principles, would probably hold that the word "heirs" imputed an intent to give the inheritance. Unless the word "nearest" be rejected, there can be but one meaning, namely, persons who are to take as purchasers,— the sense of succession in heirship which lurks in the word

"heirs," when used to designate persons, being expressly excluded when the qualifying word "nearest," is added.

By our statute, section 13 of the Conveyance act, the word "heirs" is not necessary to carry the inheritance in a deed or will. Hence, with us, an estate to A with remainder to his heirs, is one thing, while an estate to A with remainder to his "nearest heirs," is another.

The devise is to Omar for life, and to persons *in esse* at his death. At the time of his decease the land was to go, etc. This shows the testatrix had it in mind to make said persons, and not Omar, the devisees of the remainder.

Messrs. Horton & Hoyne, for the defendant in error:

The word "first," "next," or "eldest," makes no difference in a devise. Fearne on Contingent Remainders, *179, 195; 1 Preston on Estates, 347.

The rule in *Shelley's case* is in force in this State. *Baker* v. *Scott,* 62 Ill. 86; *Brislain* v. *Wilson,* 63 id. 173; *Beacroft* v. *Strawn,* 67 id. 28; *Butler* v. *Huestis,* 68 id. 594; *Riggin* v. *Love,* 72 id. 553; *Lynch* v. *Swayne,* 83 id. 336; *Belslay* v. *Engel,* 107 id. 182.

A decree against the first tenant in tail *in esse,* binds those in remainder or reversion, and those not *in esse.* Story's Eq. Pl. secs. 144, 145.

Mr. Justice Shope delivered the opinion of the Court:

The premises described in the contract of sale, for the specific performance of which this bill is filed, are a part of the lands devised to appellee in the codicil of the will of Elizabeth H. S. Allen, his step-mother, and the material question arising, upon which it is necessary for this court to express an opinion, is the construction and effect to be given to the following clause of the codicil: "I give and bequeath to my step-son, Omar H. Allen, the use or rents accruing from my house, and one acre of land that the said house stands upon,

after his father's decease, provided his father does not sell said property, which privilege I grant him, provided it is necessary for his maintenance. After the said Omar H. Allen's decease, the said house and land is to go to his nearest heirs."

A devise of the income for the use of the devisee, or of the rents and profits of land, "is equivalent to a devise of the land itself, and will carry the legal as well as beneficial interest therein." (2 Jarman on Wills, 609, and cases cited.) An estate for life is here devised to Omar, with remainder over to "his nearest heirs," and it is contended that the case is thereby brought within the rule in *Shelley's case.* The rule announced in that case as part of the common law, has been in force in this State since its organization. As originally expressed in the reported case, and also as formulated by Mr. Preston in his work on Estates, (vol. 1, p. 263,) the rule has frequently received the approval of this court, but preference is expressed for the statement of it found in the reported case, viz. : "That where the ancestor, by any gift or conveyance, taketh an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs, in fee or in tail, 'the heirs' are words of limitation of the estate, and not words of purchase. The remainder is immediately executed in possession, in the ancestor so taking the freehold." 1 Coke's Rep. 93 b; 1 Preston on Estates, 264 ; 4 Kent's Com. *215; *Baker* v. *Scott,* 62 Ill. 86 ; *Brislain* v. *Wilson,* 63 id. 173 ; *Beacroft* v. *Strawn,* 67 id. 28.

The conditions which must concur in order to the operation of the rule in case of a devise, are : First, a freehold must be devised ; second, the estate of freehold must be taken by the same instrument which contains the limitation to the heirs, and for this purpose a will and codicil will be deemed one instrument, (3 Jarman on Wills, 110 ;) and third, the interest devised to the ancestor, and limited to the heirs, must be of the same quality. (*Baker* v. *Scott, supra.*) Applying these principles to the devise under consideration, it is seen that

every condition necessary to the operation of the rule is there fulfilled, unless the prefixing of the word "nearest" to the word "heirs" defeats its application. The rule is, that when the word "heir" or "heirs" is used in a will, and there is nothing in the context explaining or controlling its use, or showing a different intention on the part of the testator, it must be interpreted according to its strict and technical import. Thus construed, the word "heirs" includes and designates the persons upon whom the law would cast the inheritance in case of intestacy, and whether few or many, all are comprehended in the single word "heirs." 2 Jarman on Wills, 61, note; *Rawson et al.* v. *Rawson et al.* 52 Ill. 66.

When there are a number of persons falling within the designation of "heirs,"—that is, having the right to take by inheritance from the ancestor,—although they may not take equally as to amount, the law furnishes no means of determining which one or more of the common class is or are "nearest" in the quality or right of inheritance. The word "nearest," like "next" or "first," prefixed to the term "heirs" or "heir," without the use of other words of limitation on the devise to the heir, will not vary the effect of the devise. The nearest heirs are all those persons upon whom the law would cast the inheritance in the first instance, upon the death of the ancestor intestate, and there can be no other heirs. Those who are heirs are therefore necessarily nearest heirs, and, conversely, nearest heirs can be no other than heirs generally, and must include all those who stand in the same relation to the ancestor in respect of the right of inheritance. (Jarman on Wills, 326, and citations.) So that in this case, no effect can be given to the word "nearest," as qualifying the term "heirs," by virtue of which operation has been given to the rule, or as showing an intention on the part of the testator to use the term "heirs" or "nearest heirs," as descriptive merely of some person or persons who should take the estate upon the decease of Omar H. Allen.

It follows, that Omar H. Allen took the fee to the land subject to the estate and power reserved in Nathan Allen by the terms of the devise. And although, by the codicil, power was given to Nathan, the father of Omar, to sell the land in question, there is no pretence that he exercised the power by sale and conveyance of the premises, unless the deed left by him in escrow, and delivered to Omar after the death of said Nathan, was an execution of the power of sale. If it was a sale and conveyance within the power, Omar acquired title by virtue of the conveyance. But if, as is contended, the making of that deed was not within the power, and for that reason void, then Omar's interest and estate were unaffected thereby, and upon the death of his father all precedent estates and conditions, subject to which he took his estate, became extinguished.

We are therefore of opinion, appellee, Omar H. Allen, having title to the premises in fee, could convey such title as he contracted, and that a decree for specific performance was properly entered by the Superior Court.

*Decree affirmed.*

Mr. CHIEF JUSTICE SCOTT, dissenting.