JAMES C. VANGIESON *et al.*

*v.*

FRANK HENDERSON *et al.*

*Filed at Springfield April 2, 1894.*

1. WILLS—*devise construed—"heirs" a word of limitation.* A testator provided by his will as follows: "After the death of my wife, as aforesaid, I give and bequeath unto my beloved daughter, N., during her natural life, and after her death to descend and vest in her legal heirs, thirty-five acres," describing the land: *Held,* that the daughter took the title to the land in fee.

2. RULE IN SHELLY'S CASE—*the word "heirs."* The rule is, whenever the ancestor takes an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs, either in fee or in tail, the word "heirs" is one of limitation of the estate, and not of purchase, and the ancestor takes the fee.

3. The word "heirs" being used in the generally accepted legal sense, is, under the rule, one of limitation, and no intention of the testator, however clearly expressed, can change it into a word of purchase.

APPEAL from the Circuit Court of Macoupin county; the Hon. JACOB FOUKE, Judge, presiding.

Mr. CHARLES A. WALKER, and Mr. ALEXANDER H. BELL, for the appellants:

In favor of a reversal, we refer to *Butler* v. *Huestis,* 68 Ill. 594; *Belslay* v. *Engel,* 107 id. 182; *Walker* v. *Pritchard,* 121 id. 221.

Messrs. RINAKER & RINAKER, for the appellees:

In support of the decree of the circuit court rendered in this case, see the following cases: *Carpenter* v. *Van Olinder,* 127 Ill. 42; *Baker* v. *Scott,* 62 id. 86; *Brislain* v. *Wilson,* 63 id. 173; *Lynch* v. *Swayne,* 83 id. 336; *Ryan* v. *Allen,* 120 id. 648; *Hageman* v. *Hageman,* 129 id. 164.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is a bill for partition, involving a construction of the following clause of the last will of Aaron Vangieson, deceased:

"*Sixth*—After the death of my wife, as aforesaid, I give, devise and bequeath unto my beloved daughter, Nora A. Vangieson, during her natural life, and after her death to descend and vest in her legal heirs, thirty-five acres," etc., (describing the lands in controversy).

The wife of the testator died before he did, and the daughter, Nora A., became seized of the land upon the probate of her father's will, in February, 1887. She subsequently married appellee Frank Henderson, and in May, 1892, by her last will devised the same lands to him. She died September following, leaving no child or children or descendants of such. Her will was duly admitted to probate. Complainants, in their bill, claim for themselves and certain of the defendants, as brothers, nephews and nieces and heirs of Nora A., under the will of Aaron Vangieson, whereas the defendant Henderson claims under the will of his wife.

The sole question in the case is, did the will of her father vest the title in fee in Nora A., or did she take only a life estate. The question is not open to discussion under the decisions of this court. The rule in *Shelly's case* was held to be in force in this State more that twenty years ago, and that ruling has been uniformly adhered to since. It is not contended by counsel for appellants that any sufficient reason exists for overruling the decisions heretofore rendered to that effect, but an attempt is made to show that this case is not controlled by them.

The rule is: "Whenever the ancestor takes an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs, either in fee or in tail, the word 'heirs' is one of limitation of the estate, and not of purchase, and the ancestor takes the fee." It is difficult to see how language could have been employed to bring the

devise more clearly within the rule, than was used by Aaron Vangieson in the above quoted sixth clause of his will. His daughter, Nora A., is expressly given an estate during her natural life,—viz., an estate of freehold,—and in that gift an estate is limited immediately to her heirs in fee.

Against the application of the rule, counsel earnestly urge the oft-repeated objection that it defeats the intention of the testator, and it is said an estate for life is expressly given Nora A. The word "heirs" being used in the generally accepted legal sense, is, under the rule, one of limitation, and no intention of the testator, however clearly expressed, can change it into a word of purchase. We held in *Baker et al.* v. *Scott*, 62 Ill. 88, that the rule in *Shelly's case* is in force here as a rule of property, and that the question of intent, in determining whether it is applicable in a given case, does not turn upon the quantity of estate intended to be given to the ancestor, but upon the nature of the estate intended to be given to the heirs, and it was shown in that case that in the great case of *Perrin* v. *Blake*, 4 Burr. 2579, (3 Greenl. Cruise on Real Prop. 313,) as finally decided in the Exchequer Chamber, it was admitted that the rule in *Shelly's case* often defeats the undoubted intention of the devisor, "for," it is said, "there never was an instance where an estate for life was expressly devised to the first taker, that the devisor intended he should have any more. But if he afterwards gives an estate to the heirs of the tenant for life, or to the heirs of his body, it is the consequence or operation of law that in this case supervenes his intention and vests the remainder in the ancestor." *Carpenter* v. *Van Olinder et al.* 127 Ill. 42 ; *Hageman et al.* v. *Hageman et al.* 129 id. 164 ; *Wolfer* v. *Hemmer et al.* 144 id. 554.

We are clearly of the opinion that Nora A. took the fee simple title to the premises in question under the will of her father, and that it passed, under her last will, to her husband.

The decree of the circuit court will accordingly be affirmed.

*Decree affirmed.*