386:104 Iowa
35 LRA

Frank P. Silva

*v.*

Evangeline S. Hopkinson *et al.*

*Filed at Ottawa October 11, 1895.*

1. Wills—*what language will create a fee in lands.* A devise of lands to two daughters, naming them, "to be equally divided, share and share alike, and to their lawful heirs," under the rule in *Shelly's case* creates a fee.

2. Same—*subsequent limiting and repugnant words after devise of fee.* The subsequent direction in the will that "in the event of their (the daughters) death without issue" the executors should sell, etc., "but in case of the death of either without issue" the survivor should take the portion of the deceased, being repugnant to the prior devise of a fee, does not limit the same to a life estate.

3. Same—*sense in which word "heirs" is employed may control.* To defeat a fee devised by such language in a preceding clause of a will, the word "heirs" must appear to have been employed in a sense other than its strict legal sense.

4. Same—*fee once devised cannot be limited—even intention may not control.* If the technical words used in a devise create a fee, the intention of the testator to limit the estate to one for life, evinced by subsequent language, will be defeated.

5. Same—*words must be given their legal sense—repugnancy.* Words of a will must be given their legal effect, though subsequent words are inconsistent therewith, unless such subsequent words make it clear that the former ones were not used in their legal sense.

Appeal from the Superior Court of Cook county; the Hon. W. G. Ewing, Judge, presiding.

Frederick S. Moffett, for appellant:

In determining what construction shall be put upon this will we must ascertain the intention of the testator, as he has in and by his will expressed it. This we can not do by taking a particular phrase or sentence, but the will must be considered and construed as a whole. *Osborn v. Bank,* 116 Ill. 130; *Lunt v. Lunt,* 108 id. 307; *Hamlin v. Express Co.* 107 id. 443.

The true intention of the testator is sought for and enforced, but the whole instrument must be considered

in ascertaining the meaning of the various parts.    *Mar-killie* v. *Ragland*, 77 Ill. 98.

A later clause of a will is to be considered, when repugnant to a former provision, as intending to modify or abrogate the former.    *Brownfield* v. *Wilson*, 78 Ill. 467.

In a devise to A and his heirs, but in case he die without issue, then to go to B and his heirs, B's interest is an executory devise.    But where the devise was to A and B and their heirs, but if either died without issue his share was to go to the survivor, and one of them had issue and died, it had the effect to defeat the executory devise and change both estates into fees.    Washburn on Real Prop. (4th ed.) 344.    See, also, *Blair* v. *Vanblarcum*, 71 Ill. 290.

LACKNER & BUTZ, for appellees:

In our opinion the case of *Wolfer* v. *Hemmer*, 144 Ill. 558, is decisive of this case.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Frank P. Silva, the appellant, on January 23, 1893, entered into a contract with Evangeline S. Hopkinson and Emma H. Bowers, appellees, to purchase from them certain real estate in Chicago, viz., lot 9 of the subdivision of lots 15, 21, 22, 23 and 24, of Hopkinson's re-subdivision of lots 4, 8, 9 and 10, in block 13, of the Blue Island Land and Building Company's subdivision, known as Washington Heights, as said subdivision is recorded in the recorder's office of Cook county.    Silva, upon examining the abstract of title to the property, refused to comply with the contract, on the ground that the fourth clause of the will of William Hopkinson, deceased, by virtue of which appellees claim title to the premises, did not vest the fee absolutely in them, and therefore they could not convey a perfect title to him.    Appellees thereupon filed their bill in the Superior Court of Cook county to compel a specific performance of the contract.    A demurrer was interposed to the bill on the grounds above set forth, which was overruled.    Defendant electing to

stand by his demurrer, the court entered a decree in accordance with the prayer of the bill, and the cause is brought to this court on appeal.

The fourth clause of said will is as follows: "After the death of my said wife, Jane Hopkinson, I give and devise and bequeath all of my estate, both real and personal, of which I may be possessed, with all or any right, title or interest in lands or personal property I may acquire after the date of this will, to my only two children, Evangeline Sarah Hopkinson and Emma Jane Hopkinson, to be equally divided, share and share alike, and to their lawful heirs, but in the event of their death without issue, then and in such an event, if the executors can dispose of the property to advantage, to sell immediately or within two years from the date of their decease, but in case of the death of either one of my daughters, the surviving one to inherit the portion of the deceased sister if she dies without issue."

Appellant insists that the title in appellees is subject to be defeated in the event of their dying without issue. Stopping with the sentence, "and to their lawful heirs," the devise to the daughters is an estate of freehold, with a gift to their lawful heirs in fee, and under the rule in *Shelly's case* the word "heirs" is one of limitation of the estate, and not of purchase, and the daughters would take the fee. *Baker* v. *Scott*, 62 Ill. 86; *Riggin* v. *Love*, 72 id. 553; *Carpenter* v. *Van Olinder*, 127 id. 42; *Hageman* v. *Hageman*, 129 id. 164; *Fowler* v. *Black*, 136 id. 363; *Vangieson* v. *Henderson*, 150 id. 119.

But counsel for appellant says, in determining what construction shall be put upon this will we must ascertain the intention of the testator, as he has in and by his will expressed it. This is a frequent objection to the rule referred to; but no principle of law is better established than that although the testator did intend the first taker to have but a life estate, yet if the technical words are used, that intention, be it ever so clearly expressed, will

be defeated and the first devisee allowed to take the whole estate. (*Carpenter*·v. *VanOlinder*, *Fowler* v. *Black*, and *Vangieson* v. *Henderson*, *supra*.) The only method in which an instrument employing the word "heirs" can be shown not to be within the rule is by showing that the word was not employed in its strict legal sense. (*Carpenter* v. *Van-Olinder*, *supra*.) And therefore, unless the subsequent language in the foregoing clause of the will, "but in the event of their death without issue, then and in such an event, if the executors can dispose of the property to advantage, to sell immediately or within two years from the date of their decease, but in case of the death of either one of my daughters, the surviving one to inherit the portion of the deceased sister if she dies without issue," shows that the testator used the words "lawful heirs" in some other than the technical sense, the question of intention does not arise in the case. It is also well settled that the words must be given their legal effect, even though the subsequent words are inconsistent therewith, unless they make it clear that they were not so used. (*Griswold* v. *Hicks*, 132 Ill. 494, and authorities there cited.) The subsequent language in this will falls far short of making it clear that the testator used the word "heirs" in other than its legal sense. There would seem to be, from the whole language of the clause, no greater reason for saying that by the word "heirs" he meant "issue," than for saying that by the subsequent word "issue" he meant "heirs." We are of opinion, then, that the devise is within the rule, and that a fee simple title is vested in appellees.

The contention that by the clause of the will in question an executory devise was made, is untenable. Both daughters surviving the testator and his wife, they take an unconditional fee, and no executory devise can, in such case, exist.

The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*