## CLAIR E. DEEMER *et al.*

*v.*

## SARAH J. KESSINGER *et al.*

*Opinion filed December 16, 1903.*

1. WILLS—*rule in Shelly's case—adjective before word "heirs" does not make it a word of purchase.* The words "nearest," "legal," "lawful," or similar adjectives used to qualify "heirs," without other words of limitation, in a devise of a freehold to the ancestor with remainder to the "heirs," will not change "heirs" to a word of purchase.

2. SAME—*rule in Shelly's case applied.* Where real estate is devised to the testator's son "and to his lawful heirs," and by a codicil the son is given "the use, benefit and control of" such real estate, and "at his death said lands shall go to his lawful heirs," the rule in *Shelly's case* applies and the fee vests in the son.

3. SAME—*the rule in Shelly's case is a rule of property.* The rule in *Shelly's case* is a rule of property in Illinois, and its application does not depend upon the quantity of the estate intended to be given to the ancestor, but upon the nature of the estate intended to be given to the heirs.

4. SAME—*expressed intention of the testator controls.* If the words used by the testator have a settled legal meaning, the intention expressed by such words must be given effect, whatever intention may have existed in the mind of the testator.

APPEAL from the Circuit Court of Pike county; the Hon. A. AKERS, Judge, presiding.

This is a bill in chancery filed in the circuit court of Pike county by the appellants, the minor children of William L. Deemer, deceased, by their guardian, against their adult sister, Nina Long, for the partition of one hundred and twenty acres of land located in said county, to which bill Sarah J. Kessinger and others claiming under her are made parties defendant, with the view of obtaining a holding to the effect that the title to said premises derived by her through *mesne* conveyances from said William L. Deemer is an estate for the life of William L. Deemer only, and not in fee, as is claimed by her.

The premises formerly belonged to Jacob Deemer, the father of William L. Deemer and grandfather of the complainants, and whatever interest the complainants have in the premises, if any, was derived by them through the following provisions of the will and codicil of Jacob Deemer, deceased:

Will: "*Second*—I give and bequeath to my son, William L. Deemer, and to his lawful heirs, the following described lands:" * * *

Codicil: "In regard to former will, in bequest to my son, William L. Deemer, I desire to change to read, to-wit: That he shall have use, benefit and control of [same lands described in foregoing provision of will] during his lifetime only, and that at his death said lands shall go to his lawful heirs."

A demurrer was sustained to the bill and the same was dismissed.

JEFFERSON ORR, F. S. DULANEY, and WILLIAM MUMFORD, for appellants:

The word "heirs" has two distinct and separate meanings in this State. One is a technical meaning, and in this sense it is the expression which describes those persons upon whom the law casts the descent of real estate in cases of intestacy; the other sense is the general or common acceptation of the word, stripped of its technical significance, and in this sense the word means "children." *Davis* v. *Sturgeon*, 198 Ill. 520; 2 Redfield on Wills, (3d ed.) p. 67, par. 22; *Gannon* v. *Peterson*, 193 Ill. 379; *Butler* v. *Huestis*, 68 id. 594; *Summers* v. *Smith*, 127 id. 645; *Strain* v. *Sweeny*, 163 id. 603; *McCartney* v. *Osburn*, 118 id. 415; *Carpenter* v. *VanOlinder*, 127 id. 42; *Fishback* v. *Joesting*, 183 id. 466.

In the construction of a will the circumstances and conditions surrounding the testator at the time he made the will, including the state and condition of his family and property, will be taken into consideration. *Fishback*

v. *Joesting*, 183 Ill. 466; 1 Redfield on Wills, p. 430, sec. 13, p. 433, sec. 1, p. 639, sec. 42, p. 658, sec. 64, p. 663, sec. 70; *Kaufman* v. *Breckinridge*, 117 Ill. 305; *Anderson* v. *Anderson*, 191 id. 102; *Johnson* v. *Askey*, 190 id. 62.

In determining the sense in which a word is used in a will, the court will take into consideration the fact that the draughtsman was unlearned in the law and unacquainted with legal formulas. 1 Redfield on Wills, p. 430, note 6; *Kirkpatrick* v. *Kirkpatrick*, 197 Ill. 151; *Anderson* v. *Anderson*, 191 id. 102; *Blackmore* v. *Blackmore*, 187 id. 105; *Fishback* v. *Joesting*, 183 id. 466; *Brownfield* v. *Wilson*, 78 id. 467; *Johnson* v. *Askey*, 190 id. 62.

It will also be considered that the devisee is a person ignorant and incompetent to manage valuable property. *Johnson* v. *Askey*, 190 Ill. 60.

Greater latitude is allowed and less force is given to the technical meaning of words in the construction of wills than in the construction of any other instrument known to the law. 1 Redfield on Wills, p. 435, sec. 22, p. 470, sec. 5; 2 id. p. 67, par. 22; *Auger* v. *Tatham*, 191 Ill. 301; *Brownfield* v. *Wilson*, 78 id. 467; *Butler* v. *Huestis*, 68 id. 594; *Kennedy* v. *Kennedy*, 105 id. 350.

In determining the sense in which the word "heirs" is used in a will, the true inquiry is, was the word used to designate certain persons intended to be benefited by the devise and which were in the mind of the devisor, in a general way, at least, or was it used merely as defining the character of the estate which it was intended should rest in the first taker? 2 Redfield on Wills, p. 341, par. 44.

In the natural language of the business man "heirs" means "children." *Gannon* v. *Peterson*, 193 Ill. 379; *Fishback* v. *Joesting*, 183 id. 466.

The rule in *Shelly's case* does not apply unless both estates attempted to be created by the devise are of the same quality,—that is to say, both must be legal estates or both must be equitable. *Baker* v. *Scott*, 62 Ill. 64.

The rule in *Shelly's case* has not been favored or extended, especially in its application to devises.   2 Redfield on Wills, p. 323, par. 3, p. 338, par. 43, p. 338, note 120, p. 342, par. 45, p. 341, par. 44.

WILLIAMS & GROTE, for appellees:

Where there is no ambiguity in the terms used or where the language of the instrument has a settled legal meaning, the instrument itself is the only criterion of the intention of the parties and its construction is not open to oral evidence.   *Fowler* v. *Black,* 136 Ill. 363.

It is the duty of courts to ascertain and enforce the intention of the testator, and in doing so they are confined to the will itself, and cannot seek aid from extraneous evidence.   *Blanchard* v. *Maynard,* 103 Ill. 60.

When the word "heirs" includes all possible heirs it is not synonymous with the word "children," but when used in a sense that narrows and restricts the meaning of the word to particular persons less than all or to a particular class less than that of heirs generally, the word "heirs" may be synonymous with the word "children." *Carpenter* v. *VanOlinder,* 127 Ill. 42; *Ryan* v. *Allen,* 120 id. 648; 2 Jarman on Wills, 609.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The sole question presented for the consideration of this court by this appeal is, did the devise to William L. Deemer in the will and codicil of Jacob Deemer vest a life estate or a fee in William L. Deemer?   We are of the opinion the rule in *Shelly's case* applies to said devise, and that the fee vested in William L. Deemer and passed by *mesne* conveyances to and vested in Sarah J. Kessinger, and that the complainants took no interest in said premises under the will and codicil of Jacob Deemer, deceased.   That rule has been stated thus: "Whenever the ancestor takes an estate of freehold, and in the same

gift or conveyance an estate is limited, either mediately or immediately, to his heirs, either in fee or in tail, the word 'heirs' is one of limitation of the estate, and not of purchase, and the ancestor takes the fee." (*Vangieson* v. *Henderson*, 150 Ill. 119.) Manifestly, under the provision contained in the will, "to my son, William L. Deemer, and to his lawful heirs," William took a freehold estate, and the estate was limited immediately to his lawful heirs in fee, which fulfilled every requirement of the rule and vested the fee simple title in William L. Deemer. By the terms of the codicil William L. Deemer is given the "use, benefit and control" of the premises "during his lifetime," the effect of which was to vest an estate of freehold in him, and at his death the fee is given to his lawful heirs. In legal effect the devise to William L. Deemer contained in the codicil and that contained in the will are the same,—that is to say, a freehold estate by each of said provisions is given to William L. Deemer and an estate in fee is limited immediately to his lawful heirs, and the fee to the premises, under the codicil as well as under the will, vested in William L. Deemer. The devise of the "use, benefit and control" of the premises was a devise to William L. Deemer of the land and vested in him a life estate,—*i. e.*, a freehold estate,—therein. (*Ryan* v. *Allen*, 120 Ill. 648.) The words "nearest," "legal," "lawful," or similar expressions preceding the word "heirs," without other words of limitation, in a devise, do not convert the word "heirs" from a word of limitation to that of purchase. *Ryan* v. *Allen, supra; Vangieson* v. *Henderson, supra; Silva* v. *Hopkinson*, 158 Ill. 386.

It is, however, urged by counsel for the appellants, that this construction defeats the manifest intention of the testator, and vests the fee in William L. Deemer when the testator intended he should take only a life estate. There is no latent ambiguity in the will or codicil, and the intention of the testator can alone be ascertained from the language used therein by him. In *Taubenhan*

v. *Dunz,* 125 Ill. 524, on page 529 it was said: "The question of first importance in every case of construction of a will is, what was the intention of the testator?—and when that is ascertained, effect is to be given thereto. In the absence of latent ambiguity the intention of the testator is to be gathered, alone, from the will itself,— from a full view and consideration of everything contained within the four corners of the instrument." And in *Fowler* v. *Black,* 136 Ill. 363, on page 373: "Where there is no ambiguity in the terms used, or where the language of the instrument has a settled legal meaning, the instrument itself is the only criterion of the intention of the parties, and its construction is not open to oral evidence." And in *Engelthaler* v. *Engelthaler,* 196 Ill. 230, on page 233: "The intention which is to be sought for in the construction of a will is not that which existed in the mind of the testator, but that which is expressed by the language of the will."

It has been repeatedly held by this court (*Baker* v. *Scott,* 62 Ill. 86, and subsequent cases,) that the rule in *Shelly's case* is in force in this State as a rule of property, and that, in determining whether it applies to a given case, its application does not turn upon the quantity of estate intended to be given to the ancestor, but upon the nature of the estate intended to be given to the heirs. (*Vangieson* v. *Henderson, supra.*) And in *Perrin* v. *Blake,* 4 Burr. 2579, (3 Greenleaf's Cruise on Real Prop. 313,) as finally decided in the Exchequer Chamber, it was admitted that the rule in *Shelly's case* often defeats the undoubted intention of the devisor, "for," it is said, "there never was an instance where an estate for life was expressly devised to the first taker that the devisor intended he should have any more. But if he afterwards gives an estate to the heirs of the tenant for life or to the heirs of his body, it is the consequence or operation of law that in this case supervenes his intention and vests the remainder in the ancestor." (*Vangieson* v. *Henderson,*

*supra; Carpenter* v. *VanOlinder*, 127 Ill. 42; *Hageman* v. *Hageman*, 129 id. 164; *Wolfer* v. *Hemmer*, 144 id. 554.) In *Ewing* v. *Barnes*, 156 Ill. 61, on page 68 it was held: "Where a devise is made to a man and his heirs, neither the expressed intention that the devisee shall have an estate for his life and no longer; nor, secondly, that he shall have only an estate for life in the premises and after his decease it shall go to the heirs of his body, and in default of such heirs vest in the person next in remainder, and that the devisee shall have no power to defeat the intention of the testator; nor, thirdly, that the devisee shall be a tenant for life and no longer, and that it shall not be in his power to sell, dispose of or make away with any part of the premises, will change the word 'heirs' into a word of purchase."

Much stress is laid upon the fact that the bill avers that the scrivener who prepared the will, as well as the testator, were unfamiliar with the use and meaning of technical legal language, and that William L. Deemer had an illegitimate child which the testator sought to exclude from taking under the will by the use of the term "lawful heirs," and further, that it appears from the codicil the testator executed the same with a view to cut down the devise to William L. Deemer from a fee to a life estate. As the language in the will has a settled legal meaning we deem the extrinsic facts referred to of no importance, and as the testator, in framing the codicil, used language the legal effect of which was to vest in the son the fee, the intention thus expressed must control in giving a construction to the will, regardless of whatever unexpressed intention may have existed in the mind of the testator.

The decree of the circuit court will be affirmed.

*Decree affirmed.*