WILLIAM E. WARD *et al.* Appellees, *vs.* LOUISE M. BUTLER *et al.* Appellants.

*Opinion filed April 23, 1909.*

1. WILLS—*application of rule in Shelly's case depends upon nature of estate given to heirs.* The rule in *Shelly's case* is a rule of property which may often defeat the intention of the testator, and its application does not turn upon the estate intended to be given the ancestor, but upon the nature of the estate intended to be given the heirs.

2. SAME—*quality of an estate, and not quantity, is an essential.* The requisites of the rule in *Shelly's case* are: there must be a life estate—a freehold; there must be a limitation to the heirs of the person taking the freehold estate; the freehold and the remainder must be created by the same instrument and the freehold and remainder must be of the same quality,—both legal or both equitable,—but the estate given the heirs need not be of the same quantity as that given the ancestor.

3. SAME—*when rule in Shelly's case applies.* Where a will devises a life estate in an entire farm to the widow, with remainder to her heirs in an undivided half of the farm and to the testator's brother and his heirs in the other half, the rule in *Shelly's case* applies, and the widow takes the fee of an undivided half of the farm and the brother takes the fee of the other half, subject to the life estate of the widow.

APPEAL from the Circuit Court of St. Clair county; the Hon. CHARLES T. MOORE, Judge, presiding.

L. P. ZERWECK, and DILL & PFINGSTEN, for appellants:

It is not necessary to the application of the rule in *Shelly's case* that the entire freehold estate given to the ancestor shall be limited to the heirs of the ancestor. The remainder may be split, and a part or moiety may be limited to the heirs of the ancestor taking the freehold and the other part or moiety may be limited to other persons. *Baker* v. *Scott,* 62 Ill. 90; Preston on Estates, 321, 334; *Ryan* v. *Allen,* 120 Ill. 653; 25 Am. & Eng. Ency. of Law, 645, 646.

A life estate is a freehold estate. *Brislain* v. *Wilson,* 62 Ill. 173; *Vangieson* v. *Henderson,* 150 id. 119; *Deemer* v. *Kessinger,* 206 id. 57; *Ryan* v. *Allen,* 120 id. 648.

The rule in *Shelly's case* is not a rule of interpretation but a rule of property, and must prevail whenever a devise, by the terms of the will, falls within it, regardless of the otherwise expressed intention of the testator. *Deemer* v. *Kessinger,* 206 Ill. 62; *Engelthaler* v. *Engelthaler,* 196 id. 230; *Vangieson* v. *Henderson,* 150 id. 119; *Carpenter* v. *VanOlinder,* 127 id. 42; *Hageman* v. *Hageman,* 129 id. 164; *Ewing* v. *Barnes,* 156 id. 61; *Davis* v. *Sturgeon,* 198 id. 520; *Rissman* v. *Wierth,* 220 id. 186.

It is not essential to the application of the rule in *Shelly's case* that the will shall in express language create a freehold estate in the ancestor, since the application of the rule does not depend on the quantity of the estate given to the ancestor, but upon the estate devised to the heirs. *Rissman* v. *Wierth,* 220 Ill. 181; *Carpenter* v. *VanOlinder,* 127 id. 42; *Deemer* v. *Kessinger,* 206 id. 62; *Hageman* v. *Hageman,* 129 id. 164.

Under the will of Jackson Todd, his brother, Nathan Todd, took title to an undivided one-half of the real estate in controversy in fee simple, subject to the life estate of the testator's widow therein, and the widow took the other undivided half in fee simple; and they held title as tenants in common, and not as joint tenants. *Carpenter* v. *VanOlinder,* 127 Ill. 42; Preston on Estates, 321-334.

JAMES O. MILLER, for appellees:

Estates must be of the same quality—both legal or both equitable. Where no estate of freehold is devised to the ancestor or where he is dead at the time of the devise, in either case the heir cannot take by descent, for the reason that the ancestor never had in him any descendible estate, or, if the ancestor takes by the devise, only a chattel interest. Coke on Littleton, 319.

A power to sell cannot be exercised by a devisee, or *vice versa. Turner* v. *Turner,* 13 Eng. L. & Eq. 204.

Where an estate for life, only, is devised, the devisee takes only a life estate although a power of disposition is annexed. 4 Kent's Com. (10th ed.) 364.

If an estate is given to one generally, with a power of disposal, it carries a fee. If it be to one for life in terms it will not enlarge it to a fee. *Jackson* v. *Robbins,* 16 Johns. 588; *Insurance Co.* v. *Chambers,* 46 Pa. St. 490.

If lands are devised to a wife to be at her disposal it is a fee, even if a devise over; but if it be for her use and maintenance with a power of disposal if she should require it or deem it expedient, with a devise over, it would give her a life estate only, with a conditional power of disposal, (*Terry* v. *Wiggins,* 47 N. Y. 512,) and a remainder over in such case would be good as a vested estate. *Burleigh* v. *Clough,* 52 N. H. 267.

Nor does a power appended to an express estate for life enlarge it into a fee. *Andrews* v. *Blumfield,* 32 Miss. 115.

The nature of the use intended by the devisor to be made of the property devised will define the estate given, and if it be given for the purpose of subsistence of the devisee, as where provision is made for the wife of the donor, the right to use the property is in the nature of a power rather than an ownership, and a devise over would be good as an executory devise. *Upwell* v. *Halsey,* 1 P. Wms. 652; *Surman* v. *Surman,* 5 Madd. 123; *Smith* v. *Bell,* 6 Pet. 68.

The subsequent limitation to the heirs must be to the heirs of the ancestor who takes the particular estate. Watkins on Descent, (2d ed.) 241; 2 Washburn on Real Prop. (4th ed.) 599.

In order to bring the rule in *Shelly's case* into operation, the heirs who are to take the subsequent estate must be deduced exclusively from the person who, as ancestor, takes the prior freehold. 25 Am. & Eng. Ency. of Law, 645.

"At the death of my wife I desire that one-half of my estate be divided among my brothers and sisters and their heirs forever." The words "their heirs forever" were held words of purchase, and not of descent or limitation. *Flourney's Devisees* v. *Flourney's Exrs.* 1 Bush, 515.

When one part of a deed or of a will is so expressed that when read separately it bestows a fee on the first taker, but in a subsequent part it contains language expressive of an intention to bestow on the first taker only a life estate with remainder over to others, both expressions are to be read together, the latter phrase qualifying the former, so that the rule in *Shelly's case* is inapplicable to the first words of devise. *Anderson* v. *Jackson,* 16 Johns. 382; *Festick* v. *Cornell,* 1 id. 440; *Jackson* v. *Christman,* 4 Wend. 277.

FRED B. MERRILLS, also for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in equity filed in the circuit court of St. Clair county for the partition of an eighty-acre farm situated in said county, of which Jackson Todd died seized, between the heirs-at-law of Martha A. Todd, deceased, the widow of Jackson Todd, and the heirs-at-law of Nathan Todd, deceased, a brother of Jackson Todd. The bill alleged that the undivided one-half of said premises belonged to the heirs of Nathan Todd, deceased, in equal parts, (naming said heirs,) and that the undivided one-half of said premises belonged to the heirs of Martha A. Todd, de-

ceased, in equal parts, (naming said heirs.) Louise M. Butler and Katheryn S. Ziegler, (formerly Katheryn Sharp,) two of the heirs of Martha A. Todd, answered the bill and filed a cross-bill, in which they alleged they were the owners in fee, in equal parts, of the undivided one-half part of said premises as devisees under the will of Martha A. Todd, deceased, and that the heirs of Nathan Todd, deceased, were the owners of the undivided one-half of said premises, and that the heirs of Martha A. Todd, other than themselves, had no interest in said premises. The case was tried and a decree was entered dismissing said cross-bill for want of equity, and a decree of partition was entered ordering partition of said premises according to the prayer of the original bill, from which decree Louise M. Butler and Katheryn S. Ziegler have prosecuted this appeal.

Jackson Todd and Martha A. Todd each died testate, and Nathan Todd died intestate prior to the death of Martha A. Todd. The provisions of the will of Jackson Todd, so far as they are involved herein, read as follows:

"*Second*—I devise to my beloved wife all my real estate during her life to use and lease the same, and after paying the taxes that may accrue thereon to apply the surplus for her support and for her use and benefit, as she may think proper.

"*Third*—On the death of my wife I direct that her heirs have, in fee simple, the undivided half of said real estate and my brother, Nathan Todd, the other undivided half thereof, to him and his heirs forever.

"*Fourth*—In case my said wife is unable to lease advantageously my said real estate or if from any cause she thinks proper, she is hereby authorized to sell and convey said real estate in fee simple, and during her life to apply to her own use the interest of the proceeds of such real estate, and at her death the principal sum realized by such sale shall go one-half to her heirs and the other half to the said Nathan Todd or his heirs, if he dies before my wife."

And the provisions of the will of Martha A. Todd, so far as they are involved herein, read as follows:

"*Third*—I devise to my two nieces, Louise M. Butler and Katheryn K. Sharp, to be divided equally between them, my undivided half of the real estate bequeathed me, as per clause three (3) of the last will and testament of my late husband, Jackson Todd.

"*Fourth*—In case the real estate is sold before my death, I direct that one-half of the principal sum realized by such sale shall, as per clause four (4) of the last will and testament of my late husband, Jackson Todd, be equally divided between my two nieces, Louise M. Butler and Katheryn K. Sharp."

The appellants contend that the provisions of the will of Jackson Todd, hereinbefore set forth, fall within the rule in *Shelly's case,* and that Martha A. Todd took the fee to the undivided one-half of said eighty-acre farm, and that the title to said undivided one-half of said farm vested in them, upon the death of Martha A. Todd, by virtue of the provisions of the will of Martha A. Todd.

It has been repeatedly held by this court that the rule in *Shelly's case* is in force in this State as a rule of property, and that in determining whether it applies to a given case its application does not turn upon the quantity of the estate intended to be given to the ancestor but upon the nature of the estate intended to be given to the heirs, (*Vangieson* v. *Henderson,* 150 Ill. 119,) and it has often been said that the rule established in that case often defeats the intention of the testator. (*Carpenter* v. *VanOlinder,* 127 Ill. 42; *Hageman* v. *Hageman,* 129 id. 164; *Wolfer* v. *Hemmer,* 144 id. 554; *Ewing* v. *Barnes,* 156 id. 61.) In *Fowler* v. *Black,* 136 Ill. 363, on page 375, it was said: "This rule is said to be a rule of property which overrides even the expressed intention of the testator or grantor that it shall not operate, or which rather raises a conclusive presumption that where a devise or grant is made to a man and

his heirs, the testator or grantor intends to use the word 'heirs' as a word of limitation and not of purchase." In *Carpenter* v. *VanOlinder, supra,* on page 47 the following language is quoted from Preston on Estates with approval: "Neither the express declaration, first, that the ancestor shall have an estate for his life and no longer; nor, secondly, that he shall have only an estate for life in the premises and that after his decease it shall go to his heirs of his body and in default of such heirs vest in the person next in remainder, and that the ancestor shall have no power to defeat the intention of the testator; nor, thirdly, that the ancestor shall be tenant for his life and no longer, and that it shall not be in his power to sell, dispose or make away with any part of the premises, * * * will change the word 'heirs' into a word of purchase." In *Ryan* v. *Allen,* 120 Ill. 648, on page 653, the rule was thus announced: "That where the ancestor, by any gift or conveyance, taketh an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs, in fee or in tail, 'the heirs' are words of limitation of the estate and not words of purchase. The remainder is immediately executed in possession in the ancestor so taking the freehold."

In this case Jackson Todd by the third paragraph of his will gave to his wife, Martha A. Todd, the use of said eighty-acre farm during her natural life, which created in her a freehold estate, (*Ryan* v. *Allen, supra,*) and by the provisions of his will on the death of Martha A. Todd he gave to her heirs the undivided one-half of said farm, and to his brother, Nathan Todd, and his heirs, the other undivided half of said farm. We think it clear if Jackson Todd had given the entire farm to the heirs of Martha A. Todd upon her death, all must concede that Martha A. Todd would, upon the probate of the will of Jackson Todd, have, under the rule announced in *Shelly's case,* become immediately seized in fee of said eighty-acre farm.

In *Baker* v. *Scott*, 62 Ill. 86, the testator divided his lands into three parts. As to one part he provided: "It is my desire that my daughter, Mary Sophia, shall receive so much of her share of the rents and profits as shall be necessary for her education until she is twenty-three years of age, after which she may come into possession of the full amount of the rents and profits, the principal to descend to her heirs," and it was held that said daughter took the fee.

In *Wicker* v. *Ray*, 118 Ill. 472, the testator devised the undivided one-fourth of his estate to his daughter for life, at her death to go to her heirs forever. It was held the daughter took an estate in fee.

In *Carpenter* v. *VanOlinder, supra,* the testator devised his estate to his three daughters, each an undivided one-third, providing that none of his real estate should be sold "but be kept sacred for their heirs." It was held the daughters took the estate in fee simple, as tenants in common.

In *Ryan* v. *Allen, supra,* the testatrix provided: "I give and bequeath to my step-son, Omar H. Allen, the use or rents accruing from my house, and one acre of land that the said house stands upon, after his father's decease, provided his father does not sell said property, which privilege I grant him, provided it is necessary for his maintenance. After the said Omar H. Allen's decease the said house and land is to go to his nearest heirs." It was held Omar H. Allen took the fee.

In *Deemer* v. *Kessinger,* 206 Ill. 57, the testator provided: "I give and bequeath to my son, William L. Deemer, and to his lawful heirs, the following described lands," and by a codicil to said will: "In regard to former will, in bequest to my son, William L. Deemer, I desire to change to read, to-wit: That he shall have use, benefit and control of (same lands described in foregoing provision of will) during his lifetime only, and that at his death said

lands shall go.to his lawful heirs," and it was held William L. Deemer took the fee.

The question here then arises, the testator having given Martha A. Todd a life estate in the whole eighty-acre farm and only given one-half thereof to her heirs, is the rule in *Shelly's case* defeated in its application to the half of the farm given to Martha A. Todd and her heirs by reason of the fact that the other half of the farm is given to Jackson Todd's brother, Nathan Todd, and his heirs, instead of to the heirs of Martha A. Todd, in whom he had created a life estate in the entire farm?

In the *Baker case,* which is a leading case, the court undertook to state the requisites of the rule, and it was there pointed out that four things must concur in order that the rule may apply and the fee title to the estate vest in the life tenant named in the will or grant: (1) There must be a life estate—a freehold; (2) there must be a limitation of the remainder to the heirs or heirs of the body of the person taking the freehold estate; (3) the freehold estate and the remainder must be created by the same instrument, deed or will; and (4) the interest given must be of the same quality,—that is, the freehold and the remainder must be both legal or both equitable estates. All these requisites are found in this case: (1) Martha A. Todd was given a life estate,—that is, a freehold estate,—in the entire farm; (2) the remainder in one-half of the farm was limited to the heirs of Martha A. Todd; (3) the freehold in the entire farm and the remainder in half of the farm were both created by the same instrument,—that is, by the will of Jackson Todd; and (4) the freehold in the entire farm given to Martha A. Todd and the remainder in half of the farm given to her heirs were both legal estates.

The appellees urge, however, that a fifth requisite must be found before the application of the rule can be invoked, viz., the estate given to the heirs must be of the same quantity as that given to the ancestor,—that is, if a freehold is

given in the entire estate, a remainder in one-half thereof cannot be given to the heirs of the party in whom the freehold rests and the residue in the other half given to a stranger without destroying the application of the rule. The solicitors for the appellees have not been able, nor have we been able after diligent search, to find any text writer or adjudicated case where such limitation upon the application of the rule has been recognized. Nor do we think the element of quantity of estate a logical requisite of the application of the rule. In the *Baker case* it is said: "One of the principal reasons for establishing this rule was to prevent the abeyance or suspension of the inheritance." It is conceded that the title to the half of the estate given to Nathan Todd vested in him immediately upon the death of Jackson Todd. The title to the fee of that portion of the farm was not, therefore, in abeyance or suspension during the life of Martha A. Todd, and the reasons for the establishment of the rule could therefore only logically be invoked as to the half of the farm which he did not take, the fee of which would remain in abeyance or suspension until the death of Martha A. Todd, as during her life she would have no heirs, if the rule was not applied to that part of the farm. If, however, the rule is applied to the half of the farm which was given to the heirs of Martha A. Todd, the entire estate in that part of the farm would vest immediately in Martha A. Todd and the title to no part of the farm would remain in abeyance or suspension, one-half thereof being vested in Nathan Todd and the other half vested in Martha A. Todd in fee.

As the requisites of the application of the rule as to the half given to Martha A. Todd and her heirs are all present, and by applying the rule the entire estate would vest immediately upon the death of Jackson Todd, and the principal reasons for establishing the rule would be fully satisfied and the law, which favors the vesting of estates, be complied with, we are disposed to hold that the devise

to Martha A. Todd and her heirs, as to the portion of the estate which was not devised to Nathan Todd in fee, falls within the application of the rule established in *Shelly's case,* the result of which holding is that Martha A. Todd took the fee to the undivided one-half of said farm and that Nathan Todd took the fee in the other half of said farm subject to her life estate, and the title to the undivided half of the farm held in fee by Martha A. Todd, under the provisions of her will upon her death passed to the cross-complainants, Louise M. Butler and Katheryn S. Ziegler.

The decree of the circuit court will be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*