(No. 21507.—

EMILY JANE FOLEY *et al.* Appellees, *vs.* FOREST NALLEY *et al.*—(SAMUEL NEWELL, *et al.* Appellants.)

*Opinion filed December 23, 1932—Rehearing denied Feb. 18, 1933.*

REED & REED, for appellants.

W. A. Doss, and HERRICK & HERRICK, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellees filed a bill in the circuit court of Piatt county seeking construction of the will of William Hodge and partition of the land involved in accordance with their claimed construction of that will. Appellees are the heirs-at-law of Lucinda Hodge, widow of William Hodge. Appellants are the heirs-at-law of William Hodge. The controversy centers around the second clause of his will. He died September 24, 1889. Lucinda Hodge, his widow, died September 23, 1924. That part of the will material here is the second clause, and is as follows:

"*Second*—It is my will and desire that the farm on which I now reside, namely: The southwest quarter of section thirty-one (31) township sixteen (16) range five (5) east of the third (3) principal meridian containing one hundred and sixty (160) acres situated in Piatt county and State of Illinois, shall remain as the estate of William Hodge and that my wife Lucinda Hodge after my death continue to reside on said farm and control and direct in all the operations and management of said farm during her natural life, and after paying all expenses such as taxes, keeping up improvements, insurance and repairs on said farm and also to improve and keep in repair the cemetery

lots in the Wilson cemetery where I desire my body to be laid or deposited at my death, then the net proceeds to go to her from year to year for her own exclusive use and control, and after her death her legal heirs are to have the possession control use and income of said farm subject to the same obligations and requirements and further it is my will and desire that the same obligations and requirements shall entail on their legal heirs from generation to generation so long as they may have heirs to represent them."

Appellants, heirs of William Hodge, are the children and descendants of his deceased brothers and sisters. He never had children of his own. His first wife died in 1867. Lucinda Hodge, his widow, prior to her marriage with the testator had been married to one Overstake, and by that marriage three children, a daughter and two sons, were born. Appellees are this daughter and the descendants of the two sons, who died previous to the death of Lucinda Hodge.

The chancellor, in construing the will, decreed that under the second clause Lucinda Hodge, the widow, took a life estate in the lands devised, with the remainder in fee simple to her heirs, which amounted, under the rule in *Shelley's case,* to a devise of the fee to her, and that appellees, as her heirs, took the entire estate in the lands, and appellants, the heirs-at-law of William Hodge, have no interest therein. Partition was ordered in accordance with this finding.

Appellants contend that the second clause of the will contravenes the rule against perpetuities and so is invalid, and the land described therein descended to the heirs-at-law of William Hodge, thus vesting in his widow, Lucinda, a one-half interest in the land in fee and in the testator's brothers and sisters or their descendants the other one-half. Appellees, on the other hand, argue that while the provisions giving continued use of and income from the land to the series of heirs following Lucinda were void as

contravening the rule against perpetuities, yet the case is one which falls squarely within the rule in *Shelley's case* and the invalid portion may be disregarded; that the will gave to Lucinda Hodge, the widow, a life estate in the land and the remainder to her heirs-at-law, and that under such a devise the rule in *Shelley's case* applies and the fee simple title passed to Lucinda Hodge under that rule. It is clear on the most casual reading of this clause of the will that the testator did not attempt to vest the fee in anybody but sought to retain the title to the land in his own estate, giving the use, under the conditions mentioned, first to the widow, then to her heirs-at-law and then to their heirs-at-law, and so on *ad infinitum* so long as the heirs of Lucinda Hodge had heirs to represent them. Such a provision is, of course, impossible of legal execution and violates the rule against perpetuities. This appears to be conceded.

It must also be taken as settled in this State that where certain provisions of a clause of a will are valid and others invalid as in violation of the rule against perpetuities, and all are parts of one general scheme, so that the valid and invalid may not be separated without failure of the scheme of the testator, then the whole clause becomes invalid and void. (*Barrett* v. *Barrett,* 255 Ill. 332; *Dime Savings and Trust Co.* v. *Watson,* 254 id. 419; *Reid* v. *Voorhees,* 216 id. 236; *Owsley* v. *Harrison,* 190 id. 235; *Lawrence* v. *Smith,* 163 id. 149.) The conditions in this clause of the will applicable to the heirs of the widow and their heirs are the same as those applicable to her. All were to reside on the farm, control and direct all operations during their natural lives, and after paying expenses, keeping up improvements, insurance and the like, and also caring for the cemetery lot, the net proceeds were to go to the then beneficiaries as their own.

Counsel say that this court has held that where use of and income from property is given to one for life, with like use and benefit to the heirs of such devisee, the gift is of

a fee. They cite *Ryan* v. *Allen,* 120 Ill. 648, as support-
ing that statement. It was there said: "A devise of the
income for the use of the devisee, or of the rents and prof-
its of land, is equivalent to a devise of the land itself and
will carry the legal as well as beneficial interest therein."
In that case the will devised to the testator's step-son the
use and rents of a house and one acre of land provided it
was not sold, and after the death of the step-son "the said
house and land is to go to his nearest heirs." The question
involved was not the effect of the grant of the rents and
profits in the land, which, it was held, gave a legal life es-
tate as well as a beneficial interest, but was whether the
use of the term "his nearest heirs" brought the devise within
the rule in *Shelley's case,* thus devising a fee. It was held
that the step-son took the fee to the land not because he
had a legal life estate therein but because the court con-
strued "nearest heirs" to mean heirs-at-law of the life ten-
ant and applied the rule in *Shelley's case.*

In *Deemer* v. *Kessinger,* 206 Ill. 57, cited by appellees,
the codicil gave the "use, benefit and control" of certain
lands to his son for his life, only, and at his death "said
lands shall go to his lawful heirs." The sole question in
the case was whether the codicil vested a fee in the son. It
was held that he was thereby given a life estate—*i. e.,* a
freehold estate; that the word "lawful" did not change the
word "heirs" from a word of limitation to a word of pur-
chase, and that in determining the application of the rule
in *Shelley's case* the test is not the nature of the estate in-
tended to be given to the son but the nature of the estate
intended to be given to his heirs.

No case has been cited, and we know of none, holding
that the devising of rents and profits for life, with a like
devise to one's heirs and to their heirs, with such a reserva-
tion to the testator's estate as here, is the devise of a fee.
Were it to be assumed that this devise of rents and profits
to indefinite series of heirs-at-law could be so separated as

to waive a portion of the second clause of the will, the question still remains whether the second clause of the will falls within the rule in *Shelley's case*. To effect the operation of the rule in case of a devise a freehold must be devised with a limitation in fee to the heirs of the devisee. The estate of freehold must be given by the same instrument which contains the limitation to the heirs. The interest devised to the ancestor and limited to the heirs must be of the same quality. (*Ryan* v. *Allen, supra; Baker* v. *Scott,* 62 Ill. 86; 3 Jarman on Wills, 110.) The rule in *Shelley's case* applies in this State only to fees simple. *Ætna Life Ins. Co.* v. *Hoppin,* 249 Ill. 406; *Miller* v. *Mowers,* 227 id. 392; *Johnson* v. *Buck,* 220 id. 226.

Unless it can be seen here that the provisions of the will vest the remainder mediately or immediately in the heirs of Lucinda Hodge in fee the rule in *Shelley's case* does not apply. There is no devise of the remainder, but the plan was that each succeeding group of heirs-at-law occupy the land, keep up improvements, pay taxes, care for the cemetery lot and use the net income for themselves. This is not the gift of a fee, to vest at any time. No fee was devised to anybody. The purpose and plan of the testator were not to vest the fee but to retain it. To such an attempted devise the rule in *Shelley's case* has no application. The second clause of the will gave a life estate to Lucinda. (*Ryan* v. *Allen, supra.*) Such an estate is separable from the uses given to the indefinite succession of heirs of Lucinda and may therefore be given effect. The indefinite succession of use to follow, however, violated the rule against perpetuities and was void. As to the lands described in that clause William Hodge devised a life estate to Lucinda but retained the fee. Lucinda having died, that use came to an end. William and Lucinda Hodge had no children. He never had any. Therefore on his death the fee to this property descended one-half to Lucinda, his widow, and the remaining one-half to appellants, descendants of deceased

brothers and sisters of William Hodge, all subject to the life use of Lucinda. The circuit court erred in not so construing the will.

The decree is therefore reversed and the cause remanded, with directions to construe the will in accordance with the views herein expressed.

*Reversed and remanded, with directions.*