FRANK L. PEASE

*v.*

EDGAR L. DAVIS *et al.*

*Opinion filed February 21, 1907.*

1. WILLS—*when devise of use of land passes fee.* A devise to the testator's son of the use of one-half the testator's real estate during his life after the death of his mother, who died before the testator's death, and at the death of the son "to his legal heirs," is equivalent to a devise of the land itself, being absolute and unlimited, and under the rule in *Shelly's case* passes a fee simple title to the son.

2. SAME—*when devise creates a fee simple inheritance.* A devise to the living nieces of the testator of the entire income from an undivided one-half of the testator's real estate, subject to certain charges but with no limitation over, passes a fee simple inheritance in the land itself under section 13 of the Conveyance act, there being no less estate appearing to have been devised by construction

or operation of law; and the living nieces are tenants in common of such undivided one-half of the real estate, subject to the charges, liens upon the land and claims of creditors.

3. SAME—*nature of estate devised does not depend upon amount of income.* An absolute and unqualified devise of the income of land, subject to certain charges, is equivalent to a devise of the land itself, irrespective of the question whether the income is sufficient to pay the charges against it, since the nature of the estate devised does not depend upon the amount of income which the property produces.

APPEAL from the Circuit Court of DuPage county; the Hon. L. C. RUTH, Judge, presiding.

KLOTZ & HANDY, for appellant.

GEORGE W. HALL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Levi P. Pease died on December 17, 1903, leaving a last will and testament, of which the parts relating to this suit are as follows:

"*Third*—To my son Frank L. Pease I bequeath the use of one-half of my real estate during his life after the death of my wife, Louisa Pease, and at his death to his legal heirs.

"*Fourth*—To my son Charles Pease, if alive, (supposed to be dead at the making of this indenture,) I give the use of the remaining one-half of the income from my real estate. If said Charles Pease does not appear and claim his right within two years from the date of my death this clause of my will becomes void.

"*Fifth*—In the event of my son Charles Pease not claiming his right within two years from the date of my death, I bequeath to the two daughters of my brother John D. Pease $150 each, said sum to be paid from the remaining one-half of the income from my real estate.

(Sixth and seventh clauses not material in this case.)

"*Eighth*—After all of the above specifications have been fulfilled, out of what remains of the income of my real estate I bequeath to my brother George W. Pease $50 a year, or to his wife if he should be dead, and all remaining income thereafter to my living nieces, to be shared by them equally."

The wife, Louisa Pease, died before the testator, and Charles Pease, the son referred to in the fourth clause of the will, did not appear and claim his rights thereunder, so that the only persons now affected by the clauses of the will above quoted are Frank L. Pease, the son, the two daughters of John D. Pease, George W. Pease, and ten living nieces of the testator, all of whom are parties to this suit. The bill was filed in the circuit court of DuPage county by appellant for the construction of the will. The court construed the third clause to vest in the appellant, Frank L. Pease, fee simple title to an undivided one-half of the real estate, subject to the rights of the mortgagee and creditors of the estate, and the eighth clause as vesting in the living nieces the fee simple to the other undivided one-half of the real estate, subject to the rights of said mortgagee and creditors, and charged with the payment of $150 to each of the two daughters of John D. Pease and $50 a year to George W. Pease during his lifetime.

By the will the testator devised to the appellant the use of one-half of the real estate during his life, after the death of Louisa Pease, who died before the testator, and at the death of appellant to his legal heirs. The devise of the use of the land was absolute and unlimited and was equivalent to a devise of the land itself, and carried to the devisee the legal as well as the beneficial interest therein. (*Ryan* v. *Allen*, 120 Ill. 648; *Carpenter* v. *VanOlinder*, 127 id. 42.) An estate of freehold was therefore limited to appellant with remainder to his heirs, and the devise is brought within the rule in *Shelley's case*. Appellant took the fee simple title to an undivided one-half of the real estate subject to the rights of the mortgagee and creditors.

The devise to the living nieces by the eighth clause was of the entire income of the undivided one-half of the real estate after the payment of $150 to each of the two daughters of John D. Pease and subject to the payment of $50 a year to George W. Pease. In that devise there was no limitation over, and under section 13 of chapter 30 of the Revised Statutes of 1874, concerning conveyances, the estate devised is a fee simple estate of inheritance if a less estate does not appear by construction or operation of law to have been devised. That section is as follows: "Every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law."

In the case of *Lewis* v. *Harrower,* 197 Ill. 315, an active trust was created with directions to pay the income of the property to certain persons, and there was no devise of the property or income except for the purposes of the trust, which was the reason for the decision. In this case there is an absolute and unlimited devise of the use or income, which amounts to a devise of the land itself.

It is argued that by construction or operation of law a less estate than a fee was devised, because the amount of income was indefinite and undetermined and there may be no income at all remaining after the payment of the charges. It is true that the income may be exhausted in paying the charges against it, but the nature of the estate devised does not depend upon the amount of income which the property produces or upon the fact that it produces any. If that were the rule, a prudent and capable person who could make real estate yield income would be the owner, when an incapable and imprudent manager would not make it produce anything and would not be the owner. It is the right to the income which entitles the devisee to the estate, and in this case the

nieces are entitled to all the income, subject to the specific · charges fastened upon it by the will. The ten living nieces are tenants in common of the undivided one-half of the real estate, subject to the rights of the mortgagee and cred- itors of the estate, the same as though the devise had been of the land itself, subject to the charges. There was no trust created, and the executor or trustee is not charged with any further duties than the settlement of the estate in the county court. If the charges against the income are not paid and · satisfied, the parties in whose favor they are created can en- force their rights in an appropriate proceeding.

The decree of the circuit court accords with our views, and it is affirmed.

*Decree affirmed.*