(No. 14482.—Reversed and remanded.)

LILA A. COOK, Appellant, *vs.* SARAH JANE BAIL SOBER
*et al.* Appellees.

*Opinion filed April 19, 1922.*

1. WILLS—*rule in Shelley's case applies to remainder to heirs
generally.* The rule in *Shelley's case* is in full force in Illinois in
its application to a limitation of a remainder to heirs generally.

2. SAME—*meaning of "limitation" to heirs-at-law.* In law the
word "limitation" defines the extent or quality of an estate con-
veyed or devised, and where a limitation is to heirs-at-law they take
by descent, and the statute is resorted to to determine the persons
upon whom the law casts the estate at the death of the ancestor.

3. SAME—*what heirs are contemplated in rule in Shelley's case.*
The heirs contemplated in the rule in *Shelley's case* are those of
the whole line of inheritable blood who are to take from genera-
tion to generation as heirs of the one taking the particular estate.

4. SAME—*when rule in Shelley's case does not apply.* Where
the word "heirs" is used as a designation of a person or class of
persons who take an estate different from what the law casts upon
them as heirs, the rule in *Shelley's case* does not apply.

5. SAME—*word "heirs," used in technical sense, must be given
its legal effect.* The word "heirs" being a technical word of known
legal import, will be given its legal effect when used in a will even
though the testator uses inconsistent words, unless such inconsistent
words are of such a nature as to make it perfectly clear that the
word was not used in its proper legal sense or that it was used
to describe a different class of heirs from those who would take a
remainder by virtue of the Statute of Descent.

6. SAME—*when word "heirs" is used in technical sense.* The
word "heirs" must be held to have been used in its technical sense
by a testator where it includes the whole line of inheritable blood,
so that but for the devise the persons intended would take by de-
scent; and to change the rule, words of qualification must be suf-
ficient to show that said persons were to take an estate different
from that which the law would give them as heirs.

7. SAME—*when rule in Shelley's case applies.* Where a tes-
tator gives one-half of the income of his estate to his wife for
life and the other half to his daughter, with a provision that if
the daughter survives the mother "she is to use it all while she
lives and her heirs may divide it equal among them after her

death," the rule in *Shelley's case* applies, as the remainder-men take on account of their relation as heirs general, and the provision for equal division means only that the heirs are to have equal rights as heirs.

APPEAL from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding.

PRATT, HEFFERNAN & RAMSEYER, for appellant.

J. B. MURPHY, for appellee Sarah Jane Bail Sober.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

George S. Cook was the owner of the northeast quarter of section 23, township 25, range 6, in McLean county. He died in 1884, leaving Mary Bail Cook, his widow, and Lila A. Cook, his daughter and only heir-at-law. He left a will disposing of his estate as follows:

"*First*—I give and bequeath (out of the moneys owing to me from the firm of Cook & Pratt Bros.) the sum of $1500 to a fund for the education of the colored people of the southern States, said money to be paid within eighteen months from my death.

"*Second*—I give and bequeath to my wife, Mary E., and my daughter, Lila A. Cook, all of my personal property, bank accounts and notes at interest and moneys, after paying all debts and funeral expenses, and they shall share alike; and in lieu of dower I give to my wife, Mary E. Cook, one-half of the income of my estate during her natural life and the other half to my daughter, Lila A. Cook, and should she live after her mother she is to use it all while she lives and her heirs may divide it equal among them after her death."

The widow, who was named in the will as Mary E. Cook, died, and the daughter, Lila, having survived her, the limitation after the life estate of the widow took effect and Lila then had a life estate in the land with the limita-

tion of a remainder after her life estate, as provided by the will. Lila was never married, and on March 15, 1921, she executed a deed to Charles H. Pratt of a one-eighth interest in the land. He filed his bill in the circuit court of McLean county alleging that by the second clause of the will an estate in fee simple was devised to Lila, so that he was seized of a one-eighth and she of seven-eighths. George S. Cook, the testator, was the only child and heir-at-law of George and Rachel Cone Cook, deceased. The grandfather and grandmother of Lila on the mother's side were also dead, their only living children being Sarah J. B. Sober and Seabury E. Bail, uncle and aunt of Lila. An uncle of Lila on the mother's side, Hamilton Perry Bail, had died leaving one child, Ida B. Erixson. The bill made Sarah J. B. Sober, Seabury E. Bail, Ida B. Erixson, Lila A. Cook and a tenant on the lands defendants, and alleged that the children and grandchild of the maternal grandfather and grandmother had no right, title or interest in the real estate. It prayed for a construction of the will accordingly and for partition. Lila A. Cook by leave of court was made a complainant and the bill amended accordingly. The defendants, except Sarah J. B. Sober, were defaulted, and she answered, admitting the facts alleged but denying that the will devised the real estate in fee simple and alleging that she had a contingent remainder. The chancellor construed the will as devising a life estate to Lila A. Cook with a contingent remainder to those persons who would be her heirs-at-law at the time of her death and entered a decree accordingly, finding that Lila being the sole heir-at-law of George S. Cook, the reversion was vested in her and the contingent remainder as to one-eighth conveyed to Pratt merged in the reversion and the contingent remainder as to that interest was destroyed. A decree for partition in accordance with the findings was entered, with a provision that in case of sale Lila A. Cook was to have the present value of her life estate in seven-eighths of the

real estate and the balance to be placed in trust for the contingent remainder-man, or the proceeds of seven-eighths should be placed in trust and the income be paid to her during her life and at her death the principal to be paid to her heirs-at-law. From that decree Lila A. Cook appealed to this court.

The only question to be decided is whether or not the rule in *Shelley's case* applies to the will of George S. Cook. That rule is in full force in this State in its application to a limitation of a remainder to heirs generally. (*Baker v. Scott*, 62 Ill. 86; *Ryan v. Allen*, 120 id. 648; *Carpenter v. VanOlinder*, 127 id. 42; *Hageman v. Hageman*, 129 id. 164; *Fowler v. Black*, 136 id. 363; *Miller v. Mowers*, 227 id. 392; *Hollenbaugh v. Smith*, 296 id. 558.) The following definition has been generally adopted as complete and accurate: "When a person takes an estate of freehold legally or equitably under a deed, will or other writing, and in the same instrument there is a limitation by way of remainder, either with or without the interposition of another estate, of an interest of the same legal or equitable quality to his heir or heirs of his body as a class of persons to take in succession from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate."

The word "limitation" in law defines the extent or quality of an estate conveyed or devised, and where a limitation is to heirs-at-law they take by descent and the statute is resorted to to determine the persons upon whom the law casts the estate at the death of the ancestor. The heirs contemplated by the rule are those of the whole line of inheritable blood who are to take from generation to generation as heirs of the one who takes the particular estate. The word "heirs" may be used as a designation of a person or class of persons who take an estate different from what the law would cast on them as heirs, and in such a case the rule does not apply because the designation does

not include the whole line of inheritable blood. In such a case the persons to whom a remainder is given are, in contemplation of law, purchasers. The word "heirs" is a technical word with a fixed legal meaning, and unless controlled by qualifying words so as to describe a different class of heirs from those who would take a remainder by virtue of the Statute of Descent, it must be interpreted according to its strict technical meaning. (*Rawson* v. *Rawson,* 52 Ill. 62; *Richards* v. *Miller,* 62 id. 417.) The word "heirs" being a technical word of known legal import, will be given its legal effect when used in a will even though the testator uses inconsistent words, unless such inconsistent words are of such a nature as to make it perfectly clear the word was not used in its proper legal sense. *Griswold* v. *Hicks,* 132 Ill. 494.

The question here is whether the use of the word "equal" by the testator, George S. Cook, is sufficient to show that the word "heirs" was not used according to its legal import but that he intended to describe a class of persons who would take an estate different or in different proportions from what the law would give them. The devise was, in terms, to heirs, and if but for the devise the persons intended would take by descent from Lila A. Cook, the testator could not prescribe a different qualification of heirs from what the law prescribed. If they would take as heirs, including the whole line of inheritable blood, it must be held that the word "heirs" was used in its technical sense, and no words of qualification would change the rule unless sufficient to show that they were to take an estate different from that which the law would give them as heirs.

The addition of qualifying words has been considered in various cases and in each case has been held insufficient to change the rule. In *Ryan* v. *Allen, supra,* the devise was to Omar H. Allen for life with remainder to his nearest heirs. The court said that the rule must be applied unless prefixing the word "nearest" to the word "heirs" would de-

feat its application; that the word "heirs" included and designated persons upon whom the law would cast the inheritance in case of intestacy, whether few or many; that although the persons might not take equally as to amount, the law furnished no means for determining which one or more of the common class is or are nearest in the quality or right of inheritance, and without the use of other words of limitation the word in question would not vary the effect of the devise. In *Vangieson* v. *Henderson,* 150 Ill. 119, the limitation after the life estate was to the legal heirs of the life tenant. It was said that no intention of the testator, however clearly expressed, could change the word into a word of purchase; that the rule does not turn upon the quantity of the estate intended to be given to the ancestor but upon the nature of the estate intended to be given to the heirs, and the rule was applied. In *Deemer* v. *Kessinger,* 206 Ill. 57, the limitation after the life estate was to the lawful heirs of the life tenant, and the rule was applied. In *Pease* v. *Davis,* 225 Ill. 408, the devise of the remainder was "to his legal heirs," and it was held equivalent to a devise of the land itself and under the rule in *Shelley's case* passed a fee simple title to the life tenant. In *Sellers* v. *Rike,* 292 Ill. 468, the conveyance was to a grantee during her natural life and at her death to her heirs, if any, and it was held that the words "if any" were not sufficiently explanatory of the word "heirs" to change the rule. The same conclusion has been reached in cases where there were devises or grants to a life tenant with remainder to heirs, to be equally divided among them or share and share alike or in equal portions. *Taney* v. *Tahnley,* 126 Ind. 88; *Kennedy* v. *Kennedy,* 29 N. J. L. 185; *Stiner* v. *Kolb,* 57 Pa. 123.

There is no word in this will which indicates that the testator used the word "heirs" to designate a class of persons who would stand in the relation of heirs-at-law to Lila A. Cook at her death who would not take in the char-

acter of heirs and by descent from her. They are to take on account of their relation as heirs and constitute that undefined class embracing the whole inheritable blood. The added qualification that they may divide the estate equally among them is not sufficient to change the character in which they would take as heirs. It means only that the heirs are to have equal rights as heirs and in that character.

The decree is reversed and the cause remanded, with directions to enter a decree construing the will as devising a fee simple to Lila A. Cook and for partition as prayed for in the bill of complaint.

*Reversed and remanded, with directions.*