## Andrew H. Mills, Executor and Trustee, v. John Sawyer et al. William Sawyer et al., Appellants.

WILLS—*when devise to a class vests at testator's death although possession postponed.* Under a will which devised the residue of testator's estate to a son for his life, with the provision that if he died without heirs the property should be sold at private sale and the proceeds thereof divided equally among the children of testator specifically named in a preceding paragraph of the will, the proceeds of such residue vest as of the date of testator's death in all of the children then surviving and not as of the date of the life tenant's death, it appearing that distribution was not deferred by the testator for reasons personal to the legatees but solely for the use and benefit of the son in question for his lifetime.

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the April term, 1922. Affirmed. Opinion filed July 10, 1922.

LAWRENCE C. WHEAT, for appellants.

ALBERT G. WEBBER, SR., and WEBBER & WEBBER, for appellees.

MR. JUSTICE HEARD delivered the opinion of the court.

John Sawyer, Sr., died testate on January 12, 1894. At the time of his death, testator left surviving him, seven children, namely: John Sawyer, William Sawyer, Orlando Sawyer, Emma Butler, Mary Sawyer Packard, Anna B. Harnsberger and Edwin Sawyer.

Edwin Sawyer was never married and he departed this life February 11, 1920, without leaving a widow or children.

Mary Sawyer Packard died October 6, 1914, and after disposing of other portions of her estate, by the last paragraph of her will, devised a life estate in one-half of the residue to Annie Packard Hunt, and the remainder to her children, Floyd Packard Hunt, Virginia Hunt and William Orlando Hunt.

Orlando Sawyer died April 3, 1917, and after providing for his wife, he devised all the remainder of his estate absolutely to his daughter, Annie Packard Hunt.

By the second paragraph of his will John Sawyer, Sr., provided for what he called a residuary estate as follows:

"2nd. I hereby nominate and appoint my friend Andrew H. Mills of the City of Decatur to be the sole executor of this my last Will and Testament, and I hereby give, devise and bequeath to my said executor all of my property of every kind and character, wherever situated, except the north half of the southwest quarter of Section 12 in Township 17 North and Range 2 East of the 3rd P. M. and also except all of my household and kitchen furniture and my horse, buggies and harness; hereby directing my said executor to convert into money, at private sale, all of my said estate to him in this item given as soon after my decease as he shall deem best for my estate, but not however until the termination of the leases that may now exist between myself and the tenants that may be residing upon any of said property, hereby giving my said executor full power and authority to execute and deliver any and all proper deeds of conveyance for all of said real estate, except said north half of said southwest quarter; and I hereby include the interest that I may have under and by the last Will and Testament of my brother Benjamin Sawyer and under and by the last Will and Testament of my wife Harriet Sawyer, and the fund created by this item shall be known as my residuary estate and shall be held in trust however by my said executor for the purposes hereinafter provided."

By the 3rd paragraph of the will testator bequeathed to his daughter, Emma Butler, $2,500, by the 4th to his daughter, Mary A. Harnsberger, $2,000, and by the 5th to his son, Orlando Sawyer, $2,000, and in each instance directed the executor to pay the bequest to the legatee "in person" out of the residuary estate created by the 2nd paragraph of the will.

The 6th and 8th paragraphs are as follows:

"6th. I give, devise and bequeath the residue of my said residuary estate created by item 2nd of this my Will, after the payment of the costs of administration and the charges created by items 1st, 3rd, 4th and 5th, to my dear children John Sawyer, William Sawyer, Emma Butler, Mary A. Harnsberger, Orlando Sawyer and Mary Packard share and share alike."

"8th. I hereby give, devise and bequeath to my said executor the north half of the southwest quarter of Section 12, in Township 17 North and Range 2 East of the 3rd P. M., in trust for the following purpose: that my said executor shall keep said premises rented to good advantage and after the payment of the taxes and necessary repairs on said premises that he use the balance of said rent for the care, support and maintenance of my dear afflicted son Edwin Sawyer for and during his natural life; in case the said Edwin Sawyer shall die leaving heirs of his body surviving him, then and in that case the said premises shall be sold by my said executor, at private sale, and out of the proceeds thereof my said executor shall pay to said heirs of the body of my said son Edwin Sawyer the sum of $3,000.00 share and share alike, as their absolute property and shall divide the residue of said proceeds derived from the said sale of said premises equally between my said children mentioned in item 6th above and the heirs of the body of the said Edwin Sawyer, share and share alike; and in case the said Edwin Sawyer shall depart this life without leaving heirs of his body surviving him, then my said executor is hereby authorized to sell, at private sale, the said premises and to divide the proceeds thereof equally between my said childern mentioned in said item 6th above, share and share alike."

After the death of Edwin Sawyer, the executor and trustee filed a bill in the circuit court to construe the meaning of the will and to determine the persons entitled to the distributive shares of the proceeds of the real estate authorized by the 8th paragraph to be sold

after the death of Edwin Sawyer, the question having arisen as to whether or not the distribution should be confined to the children of John Sawyer, Sr., living at the time of the death of Edwin Sawyer.

The circuit court after a hearing entered a decree that the right to receive shares in the proceeds of said real estate vested in John Sawyer, William Sawyer, Emma Butler, Anna B. Harnsberger, Orlando Sawyer and Mary Sawyer Packard; that proceeds of sale after the payment of costs be distributed as follows:

To Frank E. Sawyer, as assignee of
  John Sawyer,                    9-48ths part
To William Sawyer,          9-48ths part
To Emma Butler,             9-48ths part
To Anna B. Harnsberger,      8-48ths part
To Annie Packard Hunt,       9-48ths part
To Robert I. Hunt, as trustee for said
  Annie Packard Hunt,       4-48ths part.

From this decree Frank E. Sawyer, Emma Butler, Anna B. Harnsberger and William Sawyer have appealed to this court.

It is contended by appellants that the gift of the proceeds of the sale provided for under testator's will was a gift to a class and that the class as not determined and the gift did not vest until the arrival of the period of distribution.

In *Carter v. Carter,* 234 Ill. 507, the Supreme Court, in construing a somewhat similar provision, said: "The fact that the children are mentioned by name indicates that they were intended to take as individuals and not as a class."

In *McComb v. Morford,* 283 Ill. 585, after a résumé of the authorities, the rule is laid down that though a gift arises wholly out of direction to pay or distribute *in futuro,* yet if such payment or distribution is not deferred for reasons personal to the legatee, but merely because the testator desired to appropriate the subject-matter of the legacy to the use and

benefit of another for and during the life of such other, the vesting of the gift in remainder will not be postponed but will vest at once, the right of enjoyment only being deferred.

It is contended by appellants that the testator having provided that the proceeds be divided "equally" it must be held to defeat appellees' contention. In *Cook v. Sober*, 302 Ill. 498, where a will containing a provision for an equal distribution among heirs was construed, it was said:

"They are to take on account of their relation as heirs and constitute that undefined class embracing the whole inheritable blood. The added qualification that they may divide the estate equally among them is not sufficient to change the character in which they would take as heirs. It means only that the heirs are to have equal rights as heirs and in that character."

In the present case the time of distribution was not deferred for reasons personal to the legatees but merely because the testator desired to appropriate the property in question to the use and benefit of Edwin Sawyer during his lifetime.

We are of the opinion that the gift in question was intended by the testator to vest and did vest in interest upon the death of the testator, the enjoyment merely being postponed until the determination of Edwin Sawyer's interest.

The decree is affirmed.

*Affirmed.*