(No. 20471.—⬛⬛⬛⬛)
SAMUEL M. HAVELY, Appellee, *vs.* OLIVE M. COMER-
FORD.—(MINOR J. HAVELY *et al.* Appellants.)

*Opinion filed February 18, 1931.*

J. L. HICKS, guardian *ad litem,* for appellants.

CARL S. REED, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

This appeal was taken in behalf of two minor defend-
ants by their guardian *ad litem* from a decree of the cir-
cuit court of Piatt county quieting title and finding that
appellee, Samuel M. Havely, was the owner in fee of the
several parcels of land involved. The only question pre-
sented is whether the lower court properly applied the rule
in *Shelley's case* to the devising language used in the will
of Minor Havely, deceased, by which Samuel M. Havely,
his son, claimed and was awarded title in fee simple.

Minor Havely died in 1913, seized in fee simple title of 280 acres of farm land and some village property in the village of Cerro Gordo, Piatt county. He left a will, which was duly probated soon after his death, the material parts of which, so far as this case is concerned, being the third and fifth clauses. These clauses, omitting the description and location of the lands devised, about which there is no dispute, are as follows:

"*Third*—I also give, devise and bequeath to my said wife, Elizabeth Havely the full use and control of the following described real estate for and during her natural life, to-wit: [Real estate described.] It being the intention that my said wife Elizabeth Havely shall receive the rents, issues and profits from all of said real estate for and during her natural life and at her death I give, devise and bequeath to my son Samuel M. Havely the full use and control and to receive the rents, issues and profits from all of the above described real estate for and during his natural life and at his death to go to his lawful heirs in the same manner as though he had been the absolute owner of said real estate in fee simple title.

"It is my intention that neither my said wife or said son shall have the right or authority to sell, mortgage, or in any way dispose of said real estate."

"*Fifth*—I also give, devise and bequeath to my said son the full use and control of the following described real estate for and during his natural life, to-wit: [Real estate described.] He to have the rents, issues and profits from said real estate for and during his natural life only and at his death to descend to his lawful heirs in the same manner as though he had been the owner of said real estate in fee simple title."

There is no controversy as to the facts in this case and the proof before the master in chancery was in substantial conformity with the allegations in the bill. The evidence showed that Minor Havely, the father of appellee, owned

the premises in question at the time of his death, in 1913, and that Elizabeth Havely, his widow, who had a life estate under the will in part of the premises, died in 1919. The proof further showed that at the time of Havely's death there was a mortgage of $2200, which appellee renewed from time to time, which came due under the last extension on November 1, 1929; that the children of appellee claim that he has only a life estate in the premises under the will and that they own the fee; that by reason of their claims and the uncertainty of his title appellee was unable to obtain a new loan to pay off the mortgage; that the holder of the mortgage brought suit to foreclose the same, and in that suit the minor appellants, who were parties defendant, filed an answer claiming that they were the owners of an undivided half interest in fee in said premises under the will and that appellee had only a life estate therein. Other proof was made which is not material to this decision, and the master found that under the rule in *Shelley's case* appellee took a fee simple title to the land in question, and he recommended a decree in his favor. The chancellor overruled exceptions to the master's report and entered a decree to the same effect, being the decree appealed from.

There is nothing in the will to indicate that the testator used the word "heirs" in any other than its legal and technical sense. This court has frequently held that there is always a strong legal presumption that the word "heirs" in a will is used in its technical·sense as denoting the whole of the indefinite line of inheritable succession. (*Carpenter v. Hubbard,* 263 Ill. 571; *Meeker v. Steepleton,* 309 id. 337.) In this will there is nothing to overcome this presumption, and, in fact, nothing whatever to indicate that the testator used the term in any other than its technical and legal sense.

The rule in *Shelley's case* has been the law of this State since the case of *Baker v. Scott,* 62 Ill. 86, where the origin and history of the rule were discussed at length by the

court. It is conceded that one of the cardinal rules of construction of wills is to arrive at the intent of the testator, but it has been held repeatedly by this court that the rule in *Shelley's case* is not a rule of construction but a rule of property, and that it will be applied notwithstanding the application of the rule defeats the manifest intention of the testator. (*Deemer* v. *Kessinger*, 206 Ill. 57; *Gruner* v. *Rice*, 333 id. 112.) Neither an express declaration that the ancestor shall have an estate for his life and no longer, nor that he shall have only an estate for life in the premises and that after his decease it shall go to the heirs of his body, and that the ancestor shall have no power to defeat the intention of the testator or power to sell, dispose or make away with any part of the premises, will change the word "heirs" into a word of purchase. (*Carpenter* v. *VanOlinder*, 127 Ill. 42; *Winter* v. *Dibble*, 251 id. 200.) Where a fee simple is devised, attempts of the testator to restrict the devisee from mortgaging or selling the property are void. *Jones* v. *Port Huron Engine Co.* 171 Ill. 502.

Appellants have cited and strongly rely upon this court's opinion in the case of *Belslay* v. *Engel*, 107 Ill. 182, wherein the rule in *Shelley's case* was held to be only a technical rule of construction, which gives way to the expressed intention of the testator or grantor. But the language of that opinion was expressly disapproved by this court in the case of *Carpenter* v. *VanOlinder, supra,* followed by *Fowler* v. *Black,* 136 Ill. 363, and an unbroken line of decisions down to the present time, all of which have uniformly declared that the rule in *Shelley's case* is not a rule of construction but a rule of property, which overrides even the expressed contrary intent of the testator or grantor.

The circuit court correctly applied the rule in *Shelley's case* to the devises in question, and its decree is therefore affirmed.

*Decree affirmed.*