(No. 22435.—

WILLIAM HENRY CHURCHILL, JR., Appellant, *vs.* LILLIAN FLEMING *et al.* Appellees.

*Opinion filed October 24, 1934—Rehearing denied Dec. 7, 1934.*

DEYOUNG and ORR, JJ., dissenting.

· RALPH B. TREADWAY, EDWARD C. KLEIN, and GALE C. MARQUESS, for appellant.

HADLEY, WEAVER & WOODWARD, JOHN W. CREEKMUR, D. E. HOOPINGARNER, MIGHELL, ALLEN & LATHAM, and SAMUEL J. STEPHENS, (OLNEY C. ALLEN, CHARLES W. HADLEY, HARRY G. WEAVER, and PALMER LEREN, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of DuPage county construing the will of Seth Churchill, deceased. The bill was filed by appellant, William Henry Churchill, Jr., who claims to have, by reason of the will, the fee to certain farm lands in that county. The other heirs of the testator were made defendants to the bill. They defended on the ground that by a proper construction of the will appellant has but a life interest in the farm involved and an interest in the remainder in common with the other heirs-at-law of the testator. A cross-bill was filed by the defendants seeking partition of the land in accordance with their claims as to the ownership of it. The decree entered was that appellees, as heirs of the testator, together with appellant, own the fee to the land subject to the life estate of appellant therein and decreed partition in accordance with the prayer of the cross-bill.

The question here is, Does appellant, under the will, take a life estate or a fee in the land devised by the will of Seth Churchill?

The will is long and much of it is immaterial to the question raised here. The third clause of the will is the one devising the property here involved. It is as follows:

"I give and bequeath to my son William Henry Churchill and his wife Matilda the use and possession of the farm

on sections one (1) and twelve laying east and north of the farm described above in the second bequest being the same farm occupied by the said William Henry Churchill for the past seven or eight years, it being the intention that while they both live they shall jointly occupy or have the use or rent of said farm during their natural lives, and if one of them should decease before the other then the survivor should have the use, rent or occupancy of said farm during his or her natural life, provided that this provision shall not take effect until the expiration of the lease now on the farm. Provided, that the recipients of the bequests in this and the second articles shall keep the taxes paid each year on the lands and lot described, and also keep the farms, fences and buildings in good repair, except natural wear of buildings or destruction of buildings by the elements, and in case of destruction of buildings by any of the elements the same shall be restored by the heir then in possession under this will, in extent and value equal to those destroyed. * * *

"After the decease of William Henry and Matilda Churchill, the use, rents, and possession of the same farm which is by this instrument devised to said William Henry and Matilda Churchill shall descend to their son William Henry Churchill Junior which he shall have use, and possess under the same circumstances with regard to paying taxes, keeping up fences, buildings and restoring fences and buildings when destroyed as are imposed upon the said William Henry and Matilda and my said wife Eliza Churchill, and her daughter Jessie Elizabeth.

"Provided the said William Henry Churchill Junior when he comes into possession of the said farm shall pay to his sister Isadora Churchill the sum of one thousand dollars, in yearly payments of not less than two hundred dollars per annum with interest at the rate of six percentum per annum from the time said William Henry Churchill Junior comes into possession of said farm until the one

thousand dollars and interest is fully paid. If the said William Henry Churchill Junior should decease before he should come into possession of said farm, then the said one thousand dollars payable by him to the said Isadora Churchill shall be paid to her in like manner by whomsoever shall come into the use and possession of said farm in place of said William Henry Churchill Junior.

"Provided that if the said William Henry Churchill Junior should decease before coming into the possession of said farm, then in that case I do hereby give and bequeath said farm to my oldest grandson or great grandson, in fee simple, to him and to his heirs forever."

Appellant argues that the devise to him, though general, without words of inheritance, passed the fee to him under section 13 of the Conveyance act; that he was given unlimited possession and income from the property, which amounted in law to a devise of the land itself unless the will expressly provided otherwise, and that there is no such contrary expression in the will. It will be observed that there is no limitation over expressed in the will as to the property. The provision that in case appellant should die before coming into possession of the farm it is to go to "my oldest grandson or great-grandson in fee simple to him and to his heirs forever" is not a devise to anyone, since there is no possibility of determining whom the testator intended as devisee.

In support of appellant's contention that he took the fee he relies upon *Pease* v. *Davis,* 225 Ill. 408. There the devise was of the entire income of an undivided one-half of the real estate after payment of certain charges to other heirs of the testator. There was no limitation over and nothing appeared in the will to indicate that an estate less than a fee was intended to pass, and it was held that under section 13 of the Conveyance act the estate devised was a fee. It will be observed that in the case before us the use, rents and possession of the farm given appellant were de-

clared by the will to be under the same circumstances with regard to paying taxes, keeping up fences and buildings and restoring fences and building when destroyed, as were imposed upon said William Henry Sr. and Matilda Churchill and the testator's wife, Eliza, and her daughter, Jessie Elizabeth Churchill. Eliza and her daughter, Jessie Elizabeth Churchill, were by the second clause of the will devised certain property, in which it is conceded they were given but a life interest, the fee by a later clause of the will being devised to the heirs of the body of the daughter, Jessie. It is conceded that William Henry Churchill Sr. and his wife, Matilda, were given but a life estate. The will in a later clause provides as follows: "Provided that if any person to whom the use of any lands has been bequeathed by this will, shall fail to pay the taxes in any one year, and suffer the same to be sold for taxes, they shall forfeit all title to any use, rent or possession to such lands so sold for taxes, provided if any such person shall be a minor in law he or she may redeem after becoming of age."

Appellees argue, and the chancellor found, that as to the property devised to appellant the will makes no disposition of the fee, and the property therefore passed to the heirs-at-law of the testator as intestate property. It is a rule of universal application in the construction of wills, that the construction thereof is, whenever possible, to be found within the four corners of the instrument, and the intention of the testator so gathered from the language used is to be carried out if it be within the limits of the law.

Counsel for appellant point out as showing an intention on the part of the testator to give the fee to this land to the appellant, the provision of the will concerning the payment of $1000 to appellant's sister, Isadora Churchill, and they argue that this charge was personal to appellant, or if he had not lived to take, then to the person taking the land; that in no other way could the testator be assured that the legacy to Isadora would be paid; that under

the general rule where a legacy is charged against a devisee personally and not against the interest devised, the devise will be construed to pass the fee by implication though limitations thereon appear in the will, and that under this rule, aided by the presumption that the testator did not intend to die leaving property not disposed of by his will, the will passed a fee to the appellant.

While it is always presumed that the testator did not intend to die intestate as to any part of his estate, courts cannot and will not construe a will as passing a fee where such intention may not be gathered from the language of the will. (*Magnuson* v. *Magnuson,* 197 Ill. 496.) It is said that the payment of $1000 to Isadora is a charge personal to appellant and is therefore strong evidence of the testator's intention to devise a fee to him. At common law, though a devise contains words of limitation or inheritance, it was implied to confer a fee if the payment of a debt or legacy was charged upon the devisee personally. (*McFarland* v. *McFarland,* 177 Ill. 208; *Funk* v. *Eggleston,* 92 id. 515.) In the case before us the $1000 was to be paid by appellant if he came into possession, and in case he did not, it was to be paid by whoever took possession. This provision of the will strongly indicates that the testator intended that the legacy to Isadora should be paid by the one receiving possession of the property after the death of William Sr. and his wife, Matilda. This language is followed by a futile attempt to dispose of the fee in case William Jr. did not come into possession. Nowhere in the will is provision made for the payment of the legacy to Isadora, or the balance thereof, in case William Jr. dies after taking possession and before completion of the payments under the provisions of the will. There is no language in the will making this legacy a charge against the interest devised. If William Jr. lived to take possession he was to pay the legacy; if he did not, then the one who did take the land was to pay. There is nothing in the

will from which it can be said that if this land pass as intestate property it will be taken by the heirs-at-law of the testator subject to the charge of the legacy to Isadora. We are of the opinion, therefore, that this legacy was a personal charge against William Jr., and, under the rule stated, though limitations on the fee appear from the language of the will, a fee is to be implied by reason of charging Isadora's legacy against William Jr. personally. Applying this rule, and the presumption that always obtains in the construction of wills that the testator did not intend to die intestate as to any of his property, we are of the opinion that this will should be construed as devising a fee to William Jr., and that the circuit court erred in decreeing that he had but a life estate.

The decree is reversed and the cause is remanded, with directions to dismiss appellees' cross-bill and enter a decree construing the will in accordance with the views herein expressed. *Reversed and remanded, with directions.*

Mr. JUSTICE ORR, dissenting:

In my judgment the language used by the testator affords no basis for the construction adopted in the foregoing opinion nor for the rules of law applied therein. The opinion seeks to justify the conclusion reached by applying the well known presumption that the testator did not intend to die intestate as to any of his property. But such presumptions are not usually resorted to in cases where, as in this case, the testator, or his attorney or other person who drew the will, through ignorance of the law made an ineffectual attempt to dispose of the fee. Here the testator provided that if appellant "should decease before coming into the possession of said farm, then in that case I do hereby give and bequeath said farm to my oldest grandson or great-grandson, in fee simple, to him and to his heirs forever." Whether this attempt to convey the fee failed or not, it is at least an expression of an intent altogether

contrary to the result reached in the opinion, and when this clause is read in connection with the preceding clause of the will, providing that after the death of his parents, "the use, rents, and possession of the same farm * * * shall descend to their son William Henry Churchill Junior which he shall have, use and possess under the same circumstances with regard to paying taxes, keeping up fences, buildings and restoring fences and buildings when destroyed as are imposed upon the said William Henry and Matilda," etc., it makes the intention of the testator all the more manifest not to give to appellant anything more than a life estate.

No violence is done to the conclusion that the testator intended to pass only a life estate to appellant by the fact that he was required to pay $1000 to his sister, Isadora. The will also required appellant's father and mother to pay a total of $1575 to certain persons, and yet it is not denied that they were only devised life estates. Surely the testator did not use almost the same restrictive language in these two devises and intend in one case to make the payments a charge upon the land and in the other a personal charge upon the devisee. If the testator had intended to convey a fee simple estate to appellant, it was strange that he should have restricted the gift with requirements to pay taxes and keep the fences and buildings in good repair. Such restrictive language is almost universally associated with devises of estates less than a fee.

Nor does it follow, as the opinion holds, that because a devise imposes a personal liability upon the devisee the latter will take a fee. True it is that this rule was so stated in the early case of *Funk* v. *Eggleston,* 92 Ill. 515, but this court modified the rule in *Zimmer* v. *Sennott,* 134 Ill. 505, by holding that under the circumstances the devisee takes the fee only in cases where there are no limitations upon the devise. And in *Morrison* v. *Schorr,* 197 Ill. 554, this court again stated that "where the devise imposes a per-

sonal liability on the devisee, the devisee will take the estate devised, as a purchaser and in fee, unless a less estate is limited." In the present case the devise to appellant was limited by requirements that he pay taxes, repair fences and buildings, etc., thus evidencing an intention of the testator to have the property preserved in good condition for some future beneficiary rather than an absolute and unlimited devise.

The rule that a devise of the rents, profits or income is a devise of the *corpus* of the estate will not be applied where its effect will be to defeat the testator's intention as expressed in the will. (*Guerin* v. *Guerin,* 270 Ill. 239.) It is not the function of section 13 of the Conveyance act to establish a rule of· construction which would prevent consideration of all of the language in the will, and its only effect, so far as wills are concerned, is to make every devise of an interest in land a devise of a fee simple estate of inheritance unless otherwise limited by express words or appearing to be devised by construction or operation of law. (*Drager* v. *McIntosh,* 316 Ill. 460.) If from the will it appears that the testator intended that the estate should be less than a fee simple, it is wholly immaterial in what part of the will such intention is manifested. (*Gahan* v. *Golden,* 330 Ill. 624.) In the case of *Pease* v. *Davis,* 225 Ill. 408, commented and relied upon in support of the opinion, the devise to the nieces was absolute and unlimited. Such is not the condition in the present case, where, as above stated, certain conditions imposed upon appellant were wholly inconsistent with the conclusion that the testator intended to pass a fee simple title to him.

The judgment of the circuit court should have been affirmed.

Mr. JUSTICE DeYOUNG, also dissenting.